(125 So. 396)

MODERN ORDER OF PRAETORIANS v. WILKINS.   (6 Div. 367.)

Supreme Court of Alabama.   Nov. 21, 1929.

Rehearing Denied Jan. 16, 1930.

Hugh A. Locke, Frederick V. Wells, and H. M. Abercrombie, all of Birmingham, for appellant.

Altman & Koenig, of Birmingham, for appellee.

BOULDIN, J. ▇ Count B of the complaint upon which the cause was tried was not subject to demurrer for failure to show the suit is on the insurance benefit certificate, or failure to connect the claim with such certificate.

True, it does not expressly aver the suit is for an amount due on the certificate; but it recites all the conditions upon which a matured demand thereon in favor of plaintiff-beneficiary arose, and concludes, "wherefore plaintiff claims" the amount named in the policy or certificate. "Wherefore"—for this

384

cause—the suit is brought. It is immaterial whether this fact is shown at the beginning or at the conclusion of the count.

▪ The Code form of complaint upon a policy of insurance, No. 12, is not applicable to fraternal insurance contracts. Gilliland v. Order of Rwy. Conductors, 216 Ala. 13, 112 So. 225. But a complaint averring the essential facts in like general terms is sufficient. Police & Firemen's Ins. Ass'n v. Crabtree, 215 Ala. 36, 109 So. 156.

▪ The certificate, a written instrument, the foundation of the suit, was admissible in evidence without proof of execution, in absence of a plea denying execution. Code 1923, § 7663.

The provision of the constitution of order set up in plea No. 2 reads:

"If a person over fifty-five years of age shall be admitted to membership upon such misstatement of age, the Order will not be liable upon his certificate except for the return of the amount paid by him into the Benefit fund, with five per cent. compound interest."

▪ This provision does not avoid the certificate in toto for misstatement of age by one above the insurable age limit. By its terms it looks to a recovery in an action on the certificate by the beneficiary of the amount paid by or for the member "into the Benefit fund, with five per cent. compound interest." This liability is not limited to cases of innocent misstatement of age. In this regard the rules of this Order are somewhat more liberal than the prevailing rule in the absence of such provision. Under such general rule a willful, fraudulent misstatement of age by one over the insurable age limit defeats any action for return of money paid for insurance so obtained. Taylor v. Grand Lodge, 96 Minn. 441, 105 N. W. 408, 3 L. R. A. (N. S.) 114; De Loach v. Ozark Mut. Life Ins. Co., 148 Ark. 414, 230 S. W. 268, 14 A. L. R. 921; 45 C. J. 63. Whether this is governed in this state by Code 1923, § 8365, it is not necessary to inquire.

▪ We cannot construe plea No. 2 as one to limit the recovery to the amount stipulated in the quoted provision. It is a plea in bar of all recovery. The court below was warranted in treating it as one in bar of all recovery for fraud in obtaining the insurance.

Demurrer to this plea was sustained without error. The same observations apply to plea No. 3.

Pleas 4 and 5 invoke in bar of recovery the following provisions of the contract:

"Provided: That this Order shall not be liable for the payment of any sum hereunder, unless said member has fully complied with all the terms and conditions of its Constitution and laws and has not untruthfully answered any question or made any untruthful statements in the application or untruthful

statements to the medical examiner of the Order upon the faith of which this certificate is issued (said Constitution, laws, application, statements and the Charter of the Order being expressly made a part hereof)."

They allege that in making the application the insured warranted his age at 48, when in fact it was 57; that the truth of such warranty was a condition precedent to any liability.

▪ Assuming for the present that misstatements or warranties as to age of the insured are within the above-quoted provisions, this contract is subject to the provisions of our statute, which reads (Code 1923, § 8506):

"No fraternal life insurance company, no secret fraternity, or other organization of like kind, which insures its members, or others, shall contest a claim under any insurance contract on the plea of fraud or irregularity in the application after the same has been in force for two years."

This statute, with section 8507, brings fraternal insurance within the same rules as govern regular life insurance contracts. Code 1923, §§ 8364, 8365.

They write into the policies incontestable provisions after the lapse of time stated.

Like similar provisions written into policies, they are construed as statutes of limitations against defenses there specified. 5 Cooley's Briefs, 4483 et seq.

"Fraud or irregularity in the application" are inclusive terms. "Fraud" is probably inserted because under some decisions incontestable clauses were not deemed to cover undiscovered fraud.

It is sufficient to say here the purpose of the statute is to fix a limit of time while the assured may be still living within which defenses of the character set up in these pleas must be asserted. It is of no concern whether the misrepresentation in the application is made a warranty or declared a condition precedent.

The complaint to which the pleas were addressed avers the policy had been in force two full years before the death of the insured. Demurrers to these pleas were properly sustained. We would not be understood as holding that misstatement of age is within this clause of the contract. The constitution and by-laws, showing the contract, is in the record. Special provisions as set forth in plea 2 and related provisions govern cases of misstatement of age. Trial was had on plea of the general issue and special plea averring lapse for nonpayment of dues and assessments.

▪ Evidence that a check of the insurer payable to plaintiff for the amount of the policy was seen in the office of the state manager was a circumstance, in connection with other evidence of plaintiff, tending to show

no lapse for nonpayment of dues, a matter presumably known to the insurer at the time. Being collateral evidence, it was not necessary to demand the production of the check as a predicate for secondary evidence.

■ Proofs of death brought into court by defendant on demand of plaintiff tended to show notice as averred in the complaint. No issue was raised as to sufficiency of proof under the rules of the Order. There was no error in admitting this evidence.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.