147 So. 134

## COMMERCIAL CASUALTY INS. CO. v. HUBERT.

6 Div. 314.

Supreme Court of Alabama.

March 23, 1933.

London, Yancey & Brower and Whit Windham, all of Birmingham, for appellant.

Foster, Rice & Foster, of Tuscaloosa, for appellee.

**FOSTER, Justice.**

This is an action on a policy of liability insurance by the insured, against whom plaintiff claims that a liability was fixed by the judgment of a court of competent jurisdiction. Plaintiff paid the judgment and seeks to be reimbursed for so doing.

■■ Appellant insists that count 1, which is the only count on which the case was tried (count 2 was withdrawn), does not sufficiently show the terms of the policy, or the period of its duration, and that its averment that the policy was in full force and effect is the conclusion of the pleader, as declared in National Life & Accident Ins. Co. v. Hannon, 212 Ala. 184, 101 So. 892, following several of our cases. But we note that those cases were controlled by the Code of 1907 (section 5382, form 12), and not that of 1923 (section 9531, form 12). In them emphasis is made upon the requirement in the form (No. 12) that the term covered by the policy be averred. But when that form went into the Code of 1923, effective August 17, 1924, that feature of it was omitted. Sov. Camp, W. O. W., v. Gunn, 224 Ala. 444, 140 So. 410. While that form is not strictly applicable to the nature of the policy here involved, its requirements and omissions of averment are usually treated by analogy as applicable to complaints on insurance contracts, though of a different sort. Police & Firemen's Ins. Ass'n v. Crabtree, 215 Ala. 36, 109 So. 156; Modern Order of Praetorians v. Wilkins, 220 Ala. 382, 125 So. 396.

Since the form has thus been changed, this court in Sovereign Camp, W. O. W., v. Gunn, supra, held that an averment that the policy was at a certain time in full force and effect was not subject to the objection that it expressed the conclusion of the pleader, but that if it were so held, an admission during the trial that the policy was paid up (or then in force) would render the ruling innocuous. And in Bankers' Credit Life Ins. Co. v. Lee, 224 Ala. 398, 140 So. 609, with respect to lack of averments of the date of the policy, and whether it was in effect when insured died, it was observed that defendant had possession of the policy and knowledge of its date and when it took effect, and there was no injury sustained by defendant in respect to such uncertainty of averment.

Plaintiff introduced in evidence the answers of defendant to interrogatories, and in them it is stated that the sample copy of the policy attached was believed by it to be a true copy of that issued to plaintiff by defendant to cover his automobile, and further that it was in force and effect at the time he had the collision with the automobile operated by Fred Smith. That collision was the basis of the suit.

From this it is made to appear that there was no reversible error in respect to such ground of demurrer to count 1, for by defendant's answers to such interrogatories it appears that it knew the provisions of the policy and its terms to the extent here pertinent, and that it was then in force. Plaintiff did not produce the policy on the trial, but testified that it was lost, and he did not know where it was; that he put it in a drawer and forgot it. Over objection of defendant he was allowed to testify to its contents. Whether his evidence was subject to the objection that it does not show sufficient diligence in making a search for it, nor in fact where any search was made, Whitsett v. Belue, 172 Ala. 256, 54 So. 677, we think that if there was error it was rendered harmless for the following reason: We have shown that plaintiff had propounded interrogatories to defendant. In them defendant was called upon to attach to its answers a correct copy of the policy issued by it to plaintiff. The answer, which was introduced in evidence, was that defendant did not have a copy of the policy but attached a sample copy, which it alleged it believed to be a true copy and that it was in effect when the collision occurred. This sample copy thus put in evidence contains the clauses relied on by plaintiff to sustain his action, as to which he had testified, also those on which defendant relied to sustain a forfeiture, or such breach by plaintiff as to prevent a recovery. This had the effect of making such copy an effectual cure of the error, if one had previously occurred, in respect to plaintiff's evidence of its contents. Pocahontas Graphite Co. v. Minerals Separation N. A. Corp., 215 Ala. 225, 109 So. 873; 22 Corpus Juris, 1023, § 1311.

■ No objection to such answer and copy was made on the ground that it was secondary when plaintiff offered them in evidence. Such objection had been made to the interrogatories, and overruled by the court. But at that time there was no evidence, and whether it would be subject to objection on that ground, outside the legal question just mentioned, depends upon the status of the trial at that time. If such answers went in as evidence without the defendant again calling the objection to the attention of the court and getting a ruling, it was, of course, properly in evidence,

and no account is taken of the objection previously made to the interrogatories, which had been acted on. Cotton States Life Ins. Co. v. Crozier, 218 Ala. 173, 118 So. 327; Southern Home B. & L. Ass'n v. Riddle, 129 Ala. 562, 29 So. 667.

The bill of exceptions shows that it was admitted that the judgment and cost in the suit against appellee, against which it is claimed appellant indemnified him, was $448.10. Such statement means an agreement to that effect in open court by both parties, and is not subject to criticism as an ex parte statement improperly so averred. Rosenbaum v. State, 33 Ala. 354; Saltmarsh v. Bower, 34 Ala. 613. It does not appear that the cost includes a garnishment or any other cost than that properly chargeable to appellant. It, shows that appellee satisfied the judgment. The verdict in his favor was for that sum. The refused charge 22 was therefore abstract.

Appellant insists that the verdict was contrary to the evidence and its motion for a new trial should have been granted on the theory that it showed a want of co-operation in violation of a stipulation in the policy, which is usually there inserted. On that subject the court charged the jury as follows: "If you are reasonably satisfied by the evidence that Mr. Hubert failed to attend trial, and that he had been notified by the attorney for the defendant to attend the trial against him here, and that his only excuse for not doing so was that he was going to Kentucky, then you could not find for the plaintiff in this case, but you would find for the defendant. If you are reasonably satisfied by the evidence that Mr. Hubert was told by the attorney for the defendant in the case that he could get a continuance of the case and you are reasonably satisfied by the evidence Mr. Hubert left believing that would be done and his presence would not be required at that time, that would be a legal excuse for not attending the trial—I mean as far as the breach of the contract here is concerned."

There was no exception to this charge, and it is not claimed that it was contrary to the effect of our cases on the subject of what does or does not constitute co-operation within the meaning of such stipulation. George v. Employers' Liability Assur. Corp., 219 Ala. 307, 122 So. 175, 72 A. L. R. 1438; Metropolitan Casualty Ins. Co. v. Blue, 219 Ala. 37, 121 So. 25.

On the issue of fact thus submitted to the jury, the evidence was in conflict. Plaintiff testified to the one aspect, and the attorney for defendant to another. The difference between them was the difference in the theories as thus outlined by the court. There is no sufficient reason why we should reverse the trial court in refusing to vacate the finding of the jury on that issue.

We do not think it is necessary to discuss the other assignments of error, since they do not involve questions which seem to be of special importance, but do not find reversible error in any of them.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.