256 So.2d 904

**AETNA LIFE INSURANCE COMPANY, Inc.**

**v.**

**Edwin W. HARE.**

**6 Div. 109.**

Court of Civil Appeals of Alabama.

Jan. 12, 1972.

London, Yancey, Clark & Allen and Thomas R. Elliott, Jr., Birmingham, for appellant.

McCollough, McCollough & Callahan, Birmingham, for appellee.

WRIGHT, Judge.

Suit was brought by appellee as plaintiff below upon a group policy of health insurance issued by defendant-appellant covering employees and certain dependents of

employees of Southern Bell Telephone Company in Birmingham, Alabama. The policy was issued in 1961 and certificates as to coverage under the policy were provided by appellant for distribution to those employees covered.

Appellee's suit was in two counts each claiming the amount of $7518.33 due under a medical expense plan provided in the policy. Count One claimed this sum because of the expenses of confinement of appellee's eighteen-year-old daughter in a hospital for a period of time. Count Two claimed the same sum because of the expense of confinement of the daughter in a mental institution for the same period of time.

Appellant filed a demurrer to the complaint as amended, which demurrer was overruled. Pleading was in short by consent. Upon trial, verdict and judgment was entered in favor of appellee in the amount of $4300. Motion for new trial was denied.

The general facts out of which this suit arose are that appellee's daughter, eighteen years of age and dependent, was a multiple handicapped child. She was hospitalized for a time in Birmingham under the care of a psychiatrist. It was the opinion of her doctor that she required residential treatment at a facility known as the Deveraux Foundation in Victoria, Texas. This was a chain facility known to the psychiatrist. It provided only residential treatment for exceptional children. It was not licensed as a hospital or mental institution by the State of Texas. It was not operated by medical personnel but provided regular visits by a physician for holding sick calls for its residents. Any illness, other than minor was treated at a hospital in the nearby city of Victoria. Registered nurses were on duty for eight hours each day. There were no facilities available at the Foundation for medical care or treatment.

Appellee's daughter stayed in residence at the Foundation for some thirteen months. The total charge for her stay was the amount sued for, $7518.33. There was an overall charge for services rendered of $650 per month. This charge represented all services, including room and board. There was no breakdown for types of services rendered in the statement from the Foundation which was introduced into evidence by appellee.

Claim for the total amount was submitted and denied by appellant for the stated reason that the charges claimed did not qualify as covered medical expenses under the terms of the policy because the Deveraux Foundation did not meet the definition of a hospital as defined in the policy.

During the trial it was stated by counsel for appellee that appellant was limited in defendant the suit to the grounds stated in the denial of the claim. It is conceded by appellee in brief that the Deveraux Foundation is not a hospital as defined in the policy. It is clear from the verdict of the jury that they did not find for appellee under Count One of the complaint. There was no evidence to sustain a finding that the Foundation was a hospital as defined in the policy. Thus, for the purpose of considering the case on appeal, we may disregard Count One of the complaint insofar as the issues, verdict and judgment are concerned and address our attention in such aspects to Count Two of the complaint.

Appellant first argues Assignment of Error 2, which charges error in overruling the demurrer to the complaint. The two counts of the complaint are identical except one relates to confinement in a hospital and two relates to confinement in a mental institution. We set out Count Two hereafter:

"COUNT TWO

Plaintiff claims of the defendants the sum of $7518.33 due under an extraordinary medical expense plan provided in a policy issued by the defendant company on or about January, 1961, to employees

of the Southern Bell Telephone & Telegraph Company for eligible employees, retired employees and certain of their relatives to cover medical expenses, room and board accommodations, expenses for services for mental care or treatment, and for services of physicians and nurses, drugs and medicines, etc. Plaintiff avers that he is an employee of the Southern Bell Telephone & Telegraph Company and, under the terms of his employment, his child, Linda Kay Hare, was eligible to receive treatment under the clause provided in said insurance policy, as she was only 18 years of age; and plaintiff avers that his said daughter was confined in a mental institution from April 1, 1966 through February 28, 1967, and from March 1, 1967 through March 17, 1967, at a total cost of $7518.33 to the plaintiff. Plaintiff avers that the defendant company has had notice of the plaintiff's claim and has failed or refused to pay the plaintiff."

It is uncertain from appellant's brief which of the grounds of demurrer it is arguing. Except for the ground that the complaint fails to allege that the policy was in force and effect at the time of the loss complained of, there is no clear delineation of argument as to the grounds contained in the demurrer.

In response to the argument that the complaint is subject to demurrer for failure to aver that the policy was in force and effect, we observe that the complaint does aver that the amount claimed is due. This is sufficient. Since the adoption of Code Form 12, Title 7, Section 223, Code of Alabama 1940, it has been held that a complaint upon a policy of insurance, though not a policy of life insurance, stated in similar general terms, is sufficient. American Bankers' Ins. Co. v. Dean, 227 Ala. 387, 150 So. 333; Modern Order of Praetorians v. Wilkins, 220 Ala. 382, 125 So. 396; Mutual Benefit Health & Acc. Ass'n of Omaha v. Bullard, 270 Ala. 558, 120 So.2d 714.

While conceding that the complaint is not a model of pleading, we consider that it does state a cause of action. In such an instance, error, if any, in overruling a demurrer is harmless if the defects in pleading complained of are supplied by the evidence during the trial of the case. City of Mobile v. McClure, 221 Ala. 51, 127 So. 832; Kahalley v. Staples, 39 Ala.App. 61, 103 So.2d 30. Our examination of the transcript indicates that the trial of the case was not affected by the claimed insufficiencies of the allegations of the complaint, as such insufficiencies were supplied by the evidence. In addition, it was stated by counsel that the only defense to the action was that stated by the appellant in its denial of the claim. Further, appellant introduced into evidence the master policy which supplied the answers to the alleged conclusions in the complaint and disclosed that appellant was fully aware of the terms thereof. Thus there was no injury to appellant due to conclusionary averments in the complaint. Commercial Casualty Ins. Co. v. Hubert, 226 Ala. 357, 147 So. 134.

Appellant groups assignments of error 5, 6, 7, 9 and 10 for argument in brief, and devotes argument specifically to Assignment 7. Assignment 7 charges error in the overruling of a motion to exclude the testimony of Dr. Robert Estock as to the reasonableness of the charges of the Deveraux Foundation. As previously stated herein, such charges constituted the total amount sued for.

Dr. Estock was the psychiatrist who treated appellee's daughter in Birmingham and prescribed her treatment or confinement at the Deveraux Foundation. After introducing the statement of charges from the Foundation, appellee used the testimony of Dr. Estock to show the reasonableness of the amount charged. Appellant on voir dire and cross examination of Dr. Estock elicited testimony that he had never seen the facilities of the Foundation; that he did know what specific treatment his patient received there; that he did not

know what matters were included in the monthly charge and that he was not familiar with usual charges for services in the community and locale of Victoria, Texas. He further testified that he was familiar with facilities such as the Foundation through reputation and had read of such facilities in his professional study and publications. He was familiar with the principle of such facilities and the need for them in his profession, and that it was his professional judgment that appellee's daughter needed the services of such a facility and would be benefited thereby. There was further exhaustive cross examination of Dr. Estock as to his knowledge of the Foundation and the basis of his opinion as to the reasonableness of its charges.

Appellant's contention is that since the evidence was that Dr. Estock was not personally familiar with the facilities at the Foundation, the specifics of treatment given or the customary charges in the particular locality, that his testimony was inadmissible in proof of reasonableness of the charge. We do not agree with appellant's contentions.

■ It is the rule in this State that proof of reasonableness of charges for surgical or medical services is a matter for· expert opinion. Birmingham Amusement Co. v. Norris, 216 Ala. 138, 112 So. 633; Harden v. Ala. Gr. Sou. RR Co., 45 Ala. App. 301, 229 So.2d 803. It is further the rule that the competency of a witness to testify as an expert is addressed to the sound discretion of the trial court and the exercise of such discretion will be reversed on appeal only for palpable abuse. Dorsey Trailers, Inc. v. Foreman, 260 Ala. 141, 69 So.2d 459; Russell v. Relax-A-Cizor Sales, Inc., 274 Ala. 244, 147 So.2d 279. If a witness, by training, study, observation, practice, experience or profession, has acquired a knowledge in a particular field beyond that of an ordinary layman, he may be deemed qualified as an expert in that field. Russell v. Relax-A-Cizor Sales, supra. Dr. Estock sufficiently met such test. The matters brought out on voir dire and cross examination by appellant do not destroy his standing as an expert, but go only to the weight which the jury might give to his testimony. Appellant was at liberty to argue such shortcomings to the jury.

■ Assignment of Error 11 is addressed to denial of appellant's motion to exclude all of plaintiff's evidence after plaintiff rested his. case. We are sure counsel for appellant is familiar with the rule of the cases in this State that refusal of a motion to exclude all of plaintiff's evidence in a civil case is not considered as error on appeal. If plaintiff has failed to make out a prima facie case, the remedy of defendant is to request a written affirmative charge. Dudley·Bros. Lmb. Co. v. Long, 268 Ala. 565, 109 So.2d 684.

Assignment of Error 3 is directed at the refusal of appellant's request of the affirmative charge. The first premise of appellant's argument on this assignment is that there was a failure to prove either the reasonableness of the charges for the confinement at the Foundation or that such charges were necessary and customary as required for payment under provisions of the policy.

■ We have answered the contention as to failure of proof of reasonableness in response to Assignment 7. We consider that there was sufficient evidence that such charges were necessary and customary. Appellee's daughter was confined in the Foundation upon the direction of a competent psychiatrist who determined during his course of treatment that facilities available in Birmingham were not appropriate for the particular disorder of his patient. He determined in his professional capacity that a need for the type of treatment available only in a residential facility was indicated. Thus sufficient necessity for confinement was shown. From his study and experience the psychiatrist was generally cognizant of the treatment afforded at the Foundation and the cost, and he so testified. We consider the require-·

ments of the policy as to proof of reasonableness and the necessity of the expense of confinement sufficiently shown for the consideration of the jury.

The second premise of argument of Assignment 3 is that there was a failure of proof as to liability of appellant under the terms of the policy for the cost of confinement in a mental institution. To respond to this argument the terms and conditions of the policy must be examined.

The Insuring Clause of the policy is as follows:

"(A) Insuring Clause—Upon receipt of due proof, as herein required, . . . that any Employee shall have incurred Covered Medical Expenses for services rendered to a Dependent while the Employee is insured hereunder on account of such Dependent, the insurance Company shall pay, subject to the terms and limitations hereof, benefits in an amount equal to the applicable Insured-Proportion of the amount by which such Covered Medical Expenses incurred during a Medical Expense Period exceed the Deductible Amount with respect to such Covered Medical Expense."

The above clause provides payment for "Covered Medical Expenses." Such expenses are specifically defined in the policy as follows:

"(B) Covered Medical Expenses—Covered Medical Expenses as used in this Policy shall comprise charges for medical services, as specified below, rendered to an Employee or Dependent for treatment of injury or sickness and performed or prescribed by a physician or surgeon, to the extent that such charges are reasonable, necessary, and customary, subject to the exceptions set forth below and the limitations specified herein:

(1) Charges for room and board accommodations in a legally constituted hospital.

(2) Charges for other hospital services required for medical or surgical care or treatment, such as operating room, drugs, dressings, medicines, blood transfusions (including blood or blood plasma to the extent it is not donated or otherwise replaced), oxygen and the administration thereof, anesthesia and the administration thereof, and diagnostic X-ray and laboratory examinations.

(3) Charges for the professional services of a physician or surgeon.

(4) Charges for the professional services of a registered graduate nurse (R. N.), who (a) does not ordinarily reside in the Employee's or Dependent's home, and (b) is not a member of the Employee's or Dependent's immediate family.

(5) Charges for the following medical services and supplies not furnished by a hospital:

(a) Drugs and medicines requiring a physician's prescription and dispensed by a licensed pharmacist;

(b) Diagnostic X-ray and laboratory examinations;

(c) X-ray, radium, and radioactive isotopes therapy;

(d) Anesthesia, oxygen, and administration thereof;

(e) Blood and blood plasma to the extent it is not donated or otherwise replaced.

(f) Rental of iron lung and other durable medical or surgical equipment;

(g) Artificial limbs and artificial eyes, except replacements;

(h) Professional ambulance service when used to transport the Employee or Dependent from the place where he is injured by an accident or stricken by a disease to the first hospital where treatment is given, or other profession-

al ambulance service—but no other charges for transportation or travel; (i) Physiotherapy prescribed by the attending physician as to type and duration when performed by a duly qualified physiotherapist."

It will be noted that the policy provides for payment for room and board only in a "legally constituted hospital." Such a hospital is defined in the policy. This definition does not need to be set out here as it clearly does not include a facility such as the Deveraux Foundation, and appellee so concedes.

It was appellee's contention during trial and argued on appeal, that though the Foundation is admittedly not a hospital, payment is due under the policy for that it is a mental institution. Appellee insists that there is an ambiguity in the policy which permits construction of the policy by the jury to the effect that room and board in a mental institution is recoverable. Appellee contends that such ambiguity arises from the following clause of the policy:

"(d) Insured Proportion—The insured proportion applicable to *covered Medical expenses incurred for mental care outside of a hospital or mental institution* for any regular employee who is not absent from work on account of mental disability, for any retired employee, and for any dependent, is 50%. The insured proportion applicable to all other covered medical expenses is 80%." (Emphasis ours.)

The above clause contains the only appearance in the policy of the term "mental institution." It is appellee's argument that since this clause of the policy provides for payment of a 50% proportion of covered medical expenses incurred for mental care outside of a mental institution, that the policy may be construed to provide coverage for covered medical expenses including room and board while confined *in* a mental institution. Thus an ambiguity is present. We cannot agree with any of appellee's propositions.

In the first place, insurance contracts are subject to the same general rules of all written contracts, that is, in case of doubt or uncertainty of the meaning thereof, they are to be interpreted against the party drawing them. If a policy is clear and unambiguous in its terms, there is no question of interpretation or construction. Dunlap v. Macke, 233 Ala. 297, 171 So. 721. If a policy is unclear and ambiguous in its terms and not void for uncertainty, it must be interpreted and construed under well settled rules of construction applicable to all contracts. It is the province of the court, not the jury, after due consideration of the whole of the policy to determine if uncertainty and ambiguity exist in its terms. It is further the province of the court, not the jury, to construe a policy, even though ambiguous and unclear and not void for uncertainty, where its interpretation must come from the writing itself without the aid of evidence aliunde or facts in pais. Boykin v. Bank of Mobile, 72 Ala. 262; Lutz v. Van Heynigen Brokerage Co., 199 Ala. 620, 75 So. 284; Foster & Creighton Co. v. Box, 259 Ala. 474, 66 So.2d 746.

It was said in Air Conditioning Engineers v. Small, 259 Ala. 171, 65 So.2d 698:

"We think our cases mean that the court, and not the jury, will analyze and determine the meaning of a contract, whether verbal or written when its terms are clear and certain, and also ascertain whether or not it is ambiguous in the light of its terms, and if it is found to be ambiguous, but not void for uncertainty, its meaning may be clarified by a consideration of the facts and circumstances aliunde and in pais, and when so it is the province of the jury to ascertain those facts and draw inferences from them which carries to the jury the whole issue upon proper instructions by the court. . . ."

The trial court below submitted the question of the existence of an ambiguity in the policy to the determination of

the jury. Such was error and was so assigned by appellant in Assignments 12, 13 and 14.

■ Appellee's contention that there was an ambiguity in the policy, and the refusal of the trial court to give the affirmative charge at the request of appellant brings before us the question of law as to whether there was in fact an ambiguity. We hold there is no ambiguity presented by Paragraph 6 (D) of the policy quoted hereinabove.

The "Covered Medical Expenses" provided by the policy are clearly spelled out in the policy. It is made plain that room and board is compensable only when confined in a legally constituted hospital. The fact that Paragraph 6 (D) places a limitation of 50% upon the insured proportion applicable to covered medical expenses incurred for mental care outside of a hospital or mental institution cannot be inversely construed to mean that charges for room and board for care in a mental institution are to be considered a part of covered medical expenses theretofore expressly limited to room and board in a legally constituted hospital. If not contrary to statute or public policy, insurance companies have the right to limit their liability in their policies. The courts have no right to add to or take from such policies. Ala. Farm Bureau Mut. Cas. Ins. Co. v. Goodman, 279 Ala. 538, 188 So.2d 268.

■ A policy of insurance must be interpreted from its four corners. Hill v. Ocean Acc. & Guar. Corp., 230 Ala. 590, 162 So. 376. It is necessary to give effect to all parts of the policy and give a reasonable interpretation to all its provisions. An isolated sentence or term is not to be construed alone but in context with the other provisions of the policy. It is only in this way that the intent and purpose of the parties can be determined. Metropolitan Life Ins. Co. v. Korneghy, 37 Ala.App. 497, 71 So.2d 292, 68 A.L.R.2d 239; North River Ins. Co. v. Jackson's Garage, 278 Ala. 604, 179 So.2d 731; Smith v. Kenneshaw Life and Acc. Ins. Co., 284 Ala. 12, 221 So.2d 372.

■ The complaint of appellee sought compensation for charges for confinement in a mental institution. Such charges were delineated only as room and board. There was no evidence submitted that such charges included other covered medical expense. The policy does not provide for payment of room and board in a mental institution. Thus, proof of coverage under the terms of the policy failed and appellant was due the requested affirmative charge.

Assignment of Error 1 charges error in overruling appellant's motion for a new trial. The assignments of error heretofore discussed were each a ground of the motion for new trial. It follows that the motion should have been granted due to the errors noted, however, appellant points out one additional matter which we will briefly discuss.

■ It has been appellee's premise that due to an ambiguity in the policy, there was a right of recovery for room and board while appellee's daughter was confined in a mental institution. The complaint is for room and board in a mental institution and claims a total of $7518.33. The verdict of the jury was for $4300. It is stated by both appellant and appellee that the verdict represents 50% of the amount sued for, less deductible of $343.20, plus interest at 6%. This appears correct. Thus, it is clear that the jury by its verdict did not construe the policy to cover payment of room and board for confinement in a mental institution, but rather, contrary to the allegation and proof by appellee, found that appellee's daughter was not confined in a mental institution but that the charges claimed were for covered medical expenses for mental care incurred outside of a hospital or mental institution, and were compensable on a 50% proportion of actual expenses incurred. There were no covered medical expenses proved other than room and board. Such a verdict and judgment thereon is clearly contrary to the

pleadings and proof and contrary to law. The motion for new trial should have been granted on such grounds alone.

Appellant's remaining assignments of error are directed to portions of the court's oral charge to the jury. The portions objected to charged the jury to determine if there were ambiguities in the policy. We have already stated that it is the court's duty to determine the presence of ambiguity.

For the errors stated, this cause is reversed and remanded.

Reversed and remanded.