This is a suit on an insurance policy.
The insured plaintiff filed a complaint in the Circuit Court of Madison County claiming a theft loss of certain personal property covered under a homeowner's policy. The defendant insurance company denied coverage on the basis of certain exclusions in the policy. The case was tried by the court without a jury. The insured homeowner received a judgment in the amount of $2,838.50 plus interest and the insurer appeals.
The facts show that West American Insurance Company insured a dwelling house and its contents belonging to Kenneth A. Biggs against loss by theft and other perils. The house was located at 4003 Garth Road in the city of Huntsville, Alabama.
In June 1975 plaintiff arranged to purchase a house at 7708 Foxfire Drive in Huntsville and then signed an agreement to sell the house on Garth Road. The purchasers of the Garth Road house permitted plaintiff to remain in that house until the Foxfire Drive house was ready for occupancy.
On August 30 or 31, 1975 plaintiff and his family began moving household goods into the Foxfire Drive house, which was practically completed. On the evening of August 31, 1975 a theft occurred at the Foxfire Drive house of household goods just recently taken there from the Garth Road residence. The next night the plaintiff slept in the new house to prevent further thefts.
Plaintiff says the household items stolen from the Foxfire Drive house were used at the Garth Road residence and are covered *Page 260 
by the policy in question. Defendant replies by saying that the theft was from a dwelling not covered by the policy under the general theft exclusions.
The applicable provisions of the policy are as follows:
"COVERED C — UNSCHEDULED PERSONAL PROPERTY
 "This policy covers unscheduled personal property usual or incidental to the occupancy of the premises as a dwelling and owned or used by an Insured, while on the described premises and, at the option of the Named Insured, owned by others while on the portion of the premises occupied exclusively by the Insured.
 "This coverage also includes such unscheduled personal property while elsewhere than on the described premises, anywhere in the world:
. . . . .
 "3. but the limit of this Company's liability for the unscheduled personal property away from the premises shall be an additional amount of insurance equal to 10% of the amount specified for Coverage C, but in no event less than $1,000.
---------------------------------------------------
"SUPPLEMENTARY COVERAGES
 "The following supplementary coverages shall not increase the applicable limit of liability under this policy:
 "1. Automatic Removal: If, during the term of this policy, the Named Insured removes unscheduled personal property covered under Coverage C from the premises to another location within the Continental United States or the State of Hawaii, to be occupied as his principal residence, the limit of liability for Coverage C shall apply at each location in the proportion that the value at each location bears to the total value of all such property covered under Coverage C.
 "Property in transit shall be subject to the limit of liability for unscheduled personal property away from the premises.
 "This coverage shall apply only for a period of 30 days from the date removal commences and shall then cease.
----------------------------------------------------
"PERILS INSURED AGAINST
. . . . .
 "COVERAGE C — UNSCHEDULED PERSONAL PROPERTY against direct loss to the property covered by the following perils as defined and limited, except as otherwise excluded.
. . . . .
"10. Theft, . . .
. . . . .
"a. General Theft Exclusions:
"This policy does not apply to loss:
. . . . .
 "(2) in or to a dwelling under construction or of materials or supplies therefor until completed and occupied;
. . . . .
 "c. Theft Exclusions applicable to property away from the described premises:
 "This policy does not apply to loss away from the described premises of:
 "(1) property while in any dwelling or premises thereof, owned, rented or occupied by an Insured, except while an Insured is temporarily residing therein;"
The crux of the controversy between the insured and the insurer appears to center on whether the theft exclusions apply to the automatic removal provision of the policy. The insurance company's argument seems to be that since the section of the insurance policy listing the perils insured against contains no reference to the section describing supplementary coverage, the theft provisions do not apply to the automatic removal clause.
The difficulty with the insurance company's argument is that no part of the "Supplementary Coverages" section is referred to in any part of the "Perils Insured Against" section. Therefore, under the insurer's rationale, the supplementary coverage — contrary to the expectation created by the name "SupplementaryCoverage" — covers absolutely nothing; the subsection is superfluous to the insurance contract. *Page 261 
We cannot agree with the insurance company's position. The settled rule of construction of insurance contracts was stated as follows in Aetna Life Insurance Co. v. Hare, 47 Ala. App. 478,487, 256 So.2d 904, 912 (1972):
 ". . . It is necessary to give effect to all parts of the policy and give a reasonable interpretation to all its provisions. An isolated sentence or term is not to be construed alone but in context with the other provisions of the policy. It is only in this way that the intent and purpose of the parties can be determined." See also Smith v. Kennesaw Life Accident Insurance Co., 284 Ala. 12, 221 So.2d 372
(1969).
It is not a reasonable interpretation of the policy to construe out of existence an entire section of the policy.
Furthermore, it is the rule in Alabama that an insured is entitled to the protection which he or she may reasonably expect from the terms of the policy. Lambert v. Liberty MutualInsurance Co., Ala., 331 So.2d 260 (1976); Aetna Casualty Surety Co. v. Chapman, 240 Ala. 599, 200 So. 425 (1941). The terms of the supplementary coverage in the policy certainly created an expectation on the part of the insured that his unscheduled personal property was covered from all the perils insured against, including theft, under the circumstances described in the supplementary coverage subsection.
The plain language of the automatic removal clause evokes an intent to extend coverage of unscheduled personal property located at the described premises for a period of thirty days when the insured moves to a new location in order to fill a gap in coverage before the insured has an opportunity to provide for insurance coverage at his or her new location.
In the case at bar the plaintiff was moving his principal residence from Garth Road to Foxfire Drive and had moved a portion of his household goods when the theft occurred. This is the sort of situation obviously contemplated by the drafters of the automatic removal policy provision. Such a construction gives to the terms of the policy a clear, plain, certain and unambiguous meaning and raises no doubts as to the proper construction of the policy. Otherwise, the provisions would be in conflict: the automatic removal provision would give coverage and the theft exclusion would take it away. Doubt created by such obvious ambiguity would require a strict construction against the insurer and a liberal construction in favor of the insured. Green v. Merrill, 293 Ala. 628,308 So.2d 702 (1975); Trans-Continental Mutual Insurance Co. v. Harrison,262 Ala. 373, 78 So.2d 917 (1955).
Consequently, we hold that the insured's theft loss at the Foxfire Drive residence is covered by the homeowner's policy in question.
The defendant insurer next says that even if the insured homeowner is entitled to recover, the trial court's judgment should be reversed because it is based on the cost of replacing the stolen items rather than on the actual cash value of the items. The policy states that West American Insurance Company agrees to insure Mr. Biggs:
 ". . . to the extent of the actual cash value of the property at the time of loss, but not exceeding the amount which it would cost to repair or replace the property with material of like kind and quality
within a reasonable time after such loss, . . ." (Emphasis added.)
The insured testified that the actual cash value of the items of personal property that were stolen was $2,838.50. He said that as to some of the items he did not take into consideration depreciation and considered the purchase price as its value to him at the time of the theft. The insurer offered no evidence as to the value of the items stolen from the Foxfire Drive residence. Consequently the only evidence of value before the court was the testimony of the insured.
As authority for its contention that the insured failed to prove the actual cash value of the items covered by the policy, the insurer relies on Aetna Fire Insurance Co. *Page 262 v. Kennedy, 161 Ala. 600, 50 So. 73 (1909), wherein the supreme court said:
 "The burden is on the plaintiff, in a suit on an insurance policy, to show the value of his interest in the property destroyed, and unless he produce evidence from which the jury can ascertain the value of his interest he is not entitled to recover more than nominal damages." 161 Ala. at 605, 50 So. at 74.
The facts of the case at bar do not fall within the principle stated in Kennedy. The insured testified that the actual cash value to him at the time of the theft was $2,838.50, the amount the trial court awarded in its judgment. The insurer offered no evidence to the contrary. We think the trial court's judgment awarding plaintiff $2,838.50 for his loss is supported by the evidence.
The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.