I am constrained to respectfully dissent from the decision of the majority.
The motion of defendant for a directed verdict on the ground of absence of coverage under the terms of the policy presented a question of law for the court. That question, of course, initially required an examination of the specific provisions of the policy in controversy. Unless those provisions or the terms used therein, when viewed by reasonably intelligent persons, in light of the whole policy and its purpose, leaves it genuinely uncertain as to their proper meaning and intent, there is no ambiguity and no basis for construction by the court. AirConditioning Engineers v. Small, 259 Ala. 171, 65 So.2d 698
(1963); Aetna Life Insurance Co. v. Hare, 47 Ala. App. 478,256 So.2d 904 (1972). The words and verbiage, with the given punctuation and phrasing, of an insurance contract are to be construed in their natural, usual, and proper grammatical import. If when so considered, they are reasonably certain in their meaning they are not ambiguous as a matter of law and the rule of construction in favor of the insured does not apply.Canal Insurance *Page 345 Co. v. Stidham, 281 Ala. 493, 497, 205 So.2d 516 (1968). An ambiguity is not created merely because the insurer and insured disagree as to the meaning of written provisions in a contract.
Ambiguity may not be created by giving a strained, unnatural or unreasonable construction to the words of a contract. AetnaLife Insurance Co. v. Hare, supra. There can be no reasonable disagreement that punctuation or lack of it, can affect and even determine the meaning of words and phrases within sentences. To disregard them is likely to alter the intent of the words. Punctuation may be said to be the road signs to point the way to the meaning of the words used by the writer.
It is clear to me that defendant insured plaintiff's inventory of furniture located at 430 Chestnut Street in Gadsden, Alabama, which is a brick retail store building. When destroyed by fire, the furniture was in a sheet metal or tin warehouse behind 422 Chestnut Street. That warehouse contained stored furniture and a truck belonging to another furniture retailer whose store address was 422 Chestnut Street. Under the usual numbering of business addresses, there would be the three other businesses or business places between the insured premises and those at 422 Chestnut. If the decision of ambiguity of the policy and the jury verdict is accepted, the policy would cover the furniture at any business house on Chestnut Street, even across the street, within 100 feet of 430 Chestnut Street. It would not matter what type of building it occupies nor what increased risk might be in or near it. I submit that it cannot reasonably be concluded that such a circumstance was intended by the parties to the policy.
The point I emphasize is that when the purpose of a fire insurance policy is considered along with the declaration that 430 Chestnut is the insured premises, the words and phrases of Coverage B, as punctuated, are reasonably capable of having only one meaning. I believe reasonable grammatical construction of the last two clauses of Coverage B requires the conclusion that the first clause applies to property while located in or on the described buildings; the second clause to the property while in the open on the described premises (430 Chestnut) or while in the open within 100 feet of the described premises.
I would hold as a matter of law that there is no ambiguity in Coverage B when viewed in light of the entire policy. The court therefore erred in submitting the construction of the policy to the jury. The issue argued in appellant's brief that the court erred in submitting the construction of the policy to the jury even if there was an ambiguity, was not properly saved for appeal in my view of the record. Defendant made no objection to the court's oral charge.