467 So.2d 230 (1985)
HILL AIR OF GADSDEN, INC.
v.
The CITY OF GADSDEN, a municipal corporation.
83-1095.
Supreme Court of Alabama.
March 8, 1985.
Rowan S. Bone and Edward Cunningham, Gadsden, for appellant.
Edward S. Allen and M. Stanford Blanton of Balch, Bingham, Baker, Ward, *231 Smith, Bowman & Thaggard, Birmingham, and Roger Kirby, Gadsden, for appellee.
BEATTY, Justice.
Appeal by defendant, Hill Air of Gadsden, Inc. (Hill), from summary judgment in favor of plaintiff, City of Gadsden (Gadsden), in the latter's unlawful detainer action. We reverse and remand.
The action was an outgrowth of a written lease agreement between the parties under which Hill agreed to operate a "fixed base operator facility" on property located at Gadsden's municipal airport. Paragraph 23(d) of the lease provides:
"(d) Flight instructions, charter service, air-taxi and aircraft rental shall be maintained in a first class manner by Lessee, and for these services Lessee shall have available a minimum of four aircraft, licensed by the FAA and sufficient licensed pilots to meet the public need. At least one of the four aircraft shall be twin engine and instrument equipped."
The lease contains a termination clause giving Gadsden the right to terminate the lease "by giving Lessee sixty (60) days advance notice upon or after the happening and during the continuance of":
"(g) The default by Lessee in the performance of any covenant or agreement required to be performed by Lessee herein and the failure of Lessee to remedy such default, or to take prompt action to remedy such default, within a period of sixty (60) days after receipt from City of notice to remedy the same."
On July 29, 1983, Gadsden notified Hill that the lease would be terminated if, within 60 days, Hill was not in compliance with paragraph 23(d). On November 4, 1983, Gadsden notified Hill that the lease was terminated on the grounds, among others, that:
"5. You have failed to have a twin-engine instrument-equipped aircraft available for charter or rental as required by Section 23(d) of the lease and Section 3-47 of the Code of Ordinances. You were previously notified of this by the July 29 letter from Mr. Beddingfield.
"6. You have failed to own four aircraft for charter or rental as required by Section 3-47 of the Code of Ordinances."
On January 18, 1984, Gadsden brought an action of unlawful detainer, Code of 1975, § 6-6-330, against Hill in the Etowah County District Court, which, following a hearing, entered an order giving Gadsden possession of the premises. Hill filed a notice of appeal to circuit court and filed a supersedeas bond, which was approved.
In due course, Gadsden moved for summary judgment. Hill responded and counterclaimed for damages.
Gadsden's summary judgment motion was based upon the transcript of the proceedings in the district court. The circuit court granted the motion for summary judgment against Hill, prefacing its order with these words:
"Plaintiff having moved the court for a summary judgment, and it appearing to the court that based on prior undisputed testimony there is no genuine issue as to the material fact of an insufficient number of air taxi and air charter aircraft and that there is no instrument rated twin engine aircraft, as required by the lease entered into by the parties, and that the plaintiff is entitled to a judgment as a matter of law...."
This appeal ensued.
On appeal, Hill argues that paragraph 23(d) is ambiguous, and gives this interpretation of it: (1) Hill was to supply four types of service for the public; (2) Hill was to have at least four licensed aircraft for these services; and (3) Hill was to have sufficient pilots to perform these services. It is undisputed that Hill owned four aircraft; however, Hill contends, paragraph 23(d) does not require that each of the four aircraft be individually licensed to provide all four of the specified services.
Gadsden, on the other hand, maintains that paragraph 23(d) is not ambiguous, and argues that the requirement of "four aircraft, licensed by the FAA" refers to "for *232 these services," concluding with this argument:
"The only reasonable interpretation of this provision is that it refers to flight instruction, charter service, air-taxi and aircraft rental, separately and severally, and that all of the four aircraft are to be licensed and available for the four services. Similarly, it is clear that the twin-engine and instrument-equipped aircraft is required by the contract to be licensed for all of the four services.
"Secondly, if the contract were ambiguous, the undisputed evidence in the District Court, which was before the Circuit Court as the basis for the summary judgment motion, requires summary judgment because no genuine issue of material fact exists. The undisputed evidence presented in the District Court is that an FAA license is required for air-taxi and air charter service, but not for flight instruction and aircraft rental service. (See testimony of Allen C. Piney, R. 135, 143-45). Thus, the only conceivable interpretation of the term `licensed by the FAA' in paragraph 23(d) is that the aircraft were to be licensed for air-taxi and charter service."
At the outset, we point out what we have said previously regarding ambiguity in the terms of a contract, where we wrote of an insurance policy:
"It is the province of the court, not the jury, after due consideration of the whole of the policy to determine if uncertainty and ambiguity exist in its terms. It is further the province of the court, not the jury, to construe a policy, even though ambiguous and unclear and not void for uncertainty, where its interpretation must come from the writing itself without the aid of evidence aliunde or facts in pais. Boykin v. Bank of Mobile, 72 Ala. 262 [1882]; Lutz v. Van Heynigen Brokerage Co., 199 Ala. 620, 75 So. 284 [1917]; Foster & Creighton Co. v. Box, 259 Ala. 474, 66 So.2d 746 [1953].
"It was said in Air Conditioning Engineers v. Small, 259 Ala. 171, 65 So.2d 698 [1953]:
"`We think our cases mean that the court, and not the jury, will analyze and determine the meaning of a contract, whether verbal or written when its terms are clear and certain, and also ascertain whether or not it is ambiguous in the light of its terms, and if it is found to be ambiguous, but not void for uncertainty, its meaning may be clarified by a consideration of the facts and circumstances aliunde and in pais, and when so it is the province of the jury to ascertain those facts and draw inferences from them which carries to the jury the whole issue upon proper instructions by the court....'"
(Emphasis added.) Aetna Life Ins. Co. v. Hare, 47 Ala.App. 478, 486-487, 256 So.2d 904, 911 (1972).
First of all, we cannot agree with Gadsden that paragraph 23(d) is without ambiguity. Gadsden's interpretation, i.e., that each of the four aircraft be licensed to perform flight instruction, charter service, air-taxi service and rental service, is only one of the reasonable interpretations. The language of the paragraph can also accommodate a different requirement, i.e., that at least one aircraft, or a combination of the aircraft fewer than four, be licensed to perform each of the services. The clause "[a]t least one of the four aircraft shall be twin engine and instrument equipped" likewise does not necessarily express a requirement that such twin-engine aircraft be licensed to perform all of the four services, however desirable such an object might be.
Moreover, it is unclear whether this clause requires Hill to maintain at least one twin-engine aircraft which is also instrument equipped or whether Hill is to maintain at least one twin-engine aircraft and at least one instrument equipped aircraft. It appears from the record that Hill did in fact have a twin-engine aircraft, although there is no indication whether the aircraft was or was not instrument equipped. It *233 also appears from the record that Hill may have had a single engine aircraft that was instrument equipped, although this aircraft was not instrument certified.
Furthermore, there is also a lack of clarity regarding the meaning of the term "licensed by the FAA." Hill argues that this could refer to an airworthiness certificate. Gadsden disputes this position, pointing out that paragraph 23(f), a different subparagraph, refers to the subject of an airworthiness certificate. But paragraph 23(f) refers not only to having such a certificate, but also to a requirement that it be posted in a conspicuous place. Thus, the presence of 23(f) on the subject of an airworthiness certificate may be a redundancy, or, as Gadsden argues, a different requirement that the FAA have licensed each airplane for air-taxi and air-charter service, as, according to Gadsden, FAA regulations require. Or, the clause as written may require, as between these parties, that the licensing requirement extend to all four aircraft, even if the FAA requires licensing only for those to be used for air-taxi and air-charter service.
While we recognize that "[t]he mere fact that adverse parties contend for different constructions [of a particular contract provision] does not of itself force the conclusion that the disputed language is ambiguous," Antram v. Stuyvesant Life Ins. Co., 291 Ala. 716, 720, 287 So.2d 837, 840 (1973), quoted in Upton v. Mississippi Valley Title Ins. Co., 469 So.2d 548 (Ala.1985), nevertheless, this Court has examined closely the disputed provisions of the lease and concludes that more than one meaning may be attached to these provisions. Consequently, we find that an ambiguity exists.
Second, although Gadsden asserts that there is no need for resort to extrinsic evidence, we conclude that resolution of the ambiguity we find to exist with respect to the FAA licensing requirement was a question of fact where Gadsden submitted extrinsic evidence in support of its motion for summary judgment. See Aetna Life Ins. Co. v. Hare, supra. Accordingly, the summary judgment was improperly granted. That judgment is due to be, and it hereby is, reversed, and this cause is remanded for further proceedings. It is so ordered.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, FAULKNER, EMBRY and ADAMS, JJ., concur.
JONES, ALMON and SHORES, JJ., concur in the result.
JONES, Justice (concurring in the result).
I concur in the result to reverse the trial court's summary judgment. I agree with the holding of the opinion with respect to each addressed ambiguity except the last sentence of paragraph 23(d). While hindsight suggests that more precise language could have been used, it seems reasonably clear that this sentence, when used in the context of the entire paragraph, requires that the twin-engine aircraft be instrument equipped. No reasonable interpretation, in my opinion, can relate the term "instrument equipped" to any of the other three aircraft.
Nevertheless, I agree to reverse because I am not sure the term "instrument equipped," as used in the lease agreement, is the same thing as the term used in the trial court's order, "instrument rated." In other words, I would hold that if Hill, as a matter of fact, does not have an instrument-equipped twin-engine aircraft, it is in violation of the lease agreement as a matter of law.
ALMON and SHORES, JJ., concur.