I cannot agree with the majority's conclusion that the statement (viz., "This does not constitute any binding agreement. . . .") in Southland's letter to Continental is unambiguous and "negates any intent by Southland to create a legal obligation different from the obligations arising from the original agreement between the parties." Because construction of the letter in question is pivotal to a determination of whether summary judgment was, in fact, proper in this case, it is set out in its entirety below:
 "Southland Contracting Co. "P.O. Box 532 "Thorsby, Alabama 3517 [1] "February 26, 1983 "Continental Telephone Co. "P.O. Box 737 "Tallassee, Alabama 36078
"Dear Gerald:
 "As you know, we are dissolving the joint venture of Southland Contracting Co. and Partners and Co. In dissolving the joint venture, we have a small problem that we think you can help us with. The problem is that we have a note at the First National Bank in Homewood, Alabama, and it is in the name of the joint venture. The funds that will be used to pay this note will come from the outstanding invoices to Continental Telephone Co.
 "We would like to have the checks for invoices # 118 through # 126 made out to Southland and Partners and First National Bank. This will allow us to dissolve the joint venture prior to the complete payment of the bank note. The invoices starting with # 127 will be (also) written as Southland (and Partners), P.O. Box 532, Thorsby, Alabama 35171 (until a new separate legal notice is given). [Material in parentheses was added with pen by Mr. Holland.] *Page 1001 
 "If this can be arranged as we have stated without causing any problems, please let us know by signing the space below and returning one copy to us. This does not constitute any binding agreement, it is simply to assure the bank that Continental can and will fill our request. If our request can be accomplished without complications, please return the copy as soon as possible.
"Sincerely,
 "/s/ Mitchell Gay "Mitchell Gay "Southland Contracting Co. "and Alan Holland /s/ Alan Holland "Partners and Co. "Continental Telephone Co. "District Manager "Gerald Williams __________________"
My reading of this letter as a whole leads me to conclude that the statement in the letter concerning a "binding agreement" is susceptible to two interpretations, thereby making the letter's meaning ambiguous.
The meaning the majority attaches to this pertinent language is that it expressly excludes the intention to create new and different legal obligations. However, it can equally be said that "this" (in the statement "This does not constitute any binding agreement") refers to the partnership's arrangement or agreement with the bank with respect to the assurance that, even after dissolution of the partnership, the partnership debt would be repaid. In other words, as plaintiff explains in his brief, "Mr. Gay and Mr. Holland did not intend the letter to be an assignment of their rights to First National Bank, but an amendment affecting their contract with Continental Telephone," regarding the terms of payment. Plaintiff submitted an affidavit stating that Continental agreed to issue the checks jointly, as per the letter's instructions, and, it is undisputed that Continental did, in fact, issue one such check.
The majority concludes that "the meaning of the language [of the letter] was a question of law for the trial court." I disagree. In Upton v. Mississippi Valley Title Ins. Co.,469 So.2d 548, 555 (Ala. 1985), this Court quoted, with approval, the following passage from Aetna Life Ins. Co. v. Hare,47 Ala. App. 478, 486-87, 256 So.2d 904, 911 (1972):
 "`It is the province of the court, not the jury, after due consideration of the whole of the [contract] to determine if uncertainty and ambiguity exist in its terms. It is further the province of the court, not the jury, to construe a [contract], even though ambiguous and unclear and not void for uncertainty, where its interpretation must come from the writing itself without the aid of evidence aliunde or facts in pais. Boykin v. Bank of Mobile, 72 Ala. 262; Lutz v. Van Heynigen Brokerage Co., 199 Ala. 620, 75 So. 284; Foster Creighton Co. v. Box, 259 Ala. 474, 66 So.2d 746.
 "`It was said in Air Conditioning Engineers v. Small, 259 Ala. 171, 65 So.2d 698:
 "`"We think our cases mean that the court, and not the jury, will analyze and determine the meaning of a contract, whether verbal or written when its terms are clear and certain, and also ascertain whether or not it is ambiguous in the light of its terms, and if it is found to be ambiguous, but not void for uncertainty, its meaning may be clarified by a consideration of the facts and circumstances aliunde and in pais, and when so it is the province of the jury to ascertain those facts and draw inferences from them which carries to the jury the whole issue upon proper instructions by the court. . . ."'"
(Emphasis added in Upton v. Mississippi Valley Title Ins. Co.)
In the present case, I believe an ambiguity exists which cannot be resolved by the court from the writing itself; a consideration by a jury of facts and circumstances aliunde and in pais is necessary to determine what the parties intended and understood the letter to mean. Such facts and circumstances would include the evidence that has been adduced thus far in this case, *Page 1002 
such as plaintiff's statement that he intended Continental to be bound by the modification, and that Continental, in fact, agreed to the modification. Additionally, there is the fact that Continental did indeed issue one check made payable to both Southland and First National Bank per the letter's instruction. In my view, all of the above amounts to at least a scintilla of evidence of a mutually agreed upon modification of the parties' original agreement. Compare Wiregrass ConstructionCo. v. Tallapoosa River Electric Coop., Inc., 365 So.2d 95, 98
(Ala.Civ.App. 1978) (relied on by the majority), where the court held that "[t]he record before us is barren as to anyproof of a mutually bargained for modification." (Emphasis added.)
Moreover, because an ambiguity exists, it is for a jury to decide the parties' intentions not only from "the reasonable meaning of the parties' external and objective manifestations of mutual assent," but also from their communicated and uncommunicated beliefs. Mayo v. Andress, 373 So.2d 620, 624
(Ala. 1979).
Based on the foregoing, I believe summary judgment was improperly granted in this case and, therefore, I must respectfully dissent.
MADDOX and ALMON, JJ., concur.