(96 South. 344)

## LURIE v. KEGAN-GRACE CO. (4 Div. 50.)

(Supreme Court of Alabama. April 26, 1923.)

1. Pleading ⊱193(8)—Demurrer to complaints not proper test of sufficiency with respect to damages sought.

Demurrer to a complaint is not the appropriate method to test its sufficiency with respect to measure or elements of damages claimed therein.

2. Appeal and error ⊱1069(2)—Permitting jury to take deposition to jury room with them, without detaching excluded portions, held error not cured by instruction.

Where certain parts of a deposition have been ruled inadmissible, and such parts indicated by pencil brackets, it is error to allow the jury to take with them to the jury room such deposition without detaching the excluded

parts, which is not cured by an instruction not to consider such portions.

**3. Trial ⟨⟩307(3)—Whether jury should take out with them depositions or written showing for absent witnesses within court's discretion.**

Whether a deposition or written showing for an absent witness, unaffected with inadmissible matter, should be taken out by the jury is subject to the discretion of the trial court.

**4. Evidence ⟨⟩171—Admission in evidence of communications between plaintiff and defendant in action for breach of contract of purchase not error, where only collaterally related to issues.**

In an action for damages for the breach of a contract to purchase denim for use in manufacturing overalls, the admission in evidence of written or telegraphic communications between the parties as well as those relating to the sale of the denim by plaintiff to defendant, emanating from and addressed to the plaintiff, *held* not error, being only collaterally related to the issues.

**5. Trial ⟨⟩260(1)—Denial of requested instructions, covered by those given, not error.**

Denial of requested instructions, covered by those given, not error.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Action for damages for breach of contract by the Kegan-Grace Company against C. J. Lurie, doing business as the Dothan Overall Factory. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 450, section 6. Reversed and remanded.

Charges 3 and 4, refused to defendant, read:

"3. The court charges the jury that letters and telegrams sent to Lee & Tompkins by P. August Grill were not notice to the defendant, and that the defendant is not bound by such letters and telegrams.

"4. If you believe the testimony I charge you that the defendant did not receive notice of the contents of the letter and the telegram from P. August Grill to Lee & Tompkins."

The following letter was written by the defendant to plaintiff:

"Dothan, Ala., Sept. 1, 1920.

"Messrs. Kegan-Grace Co., Baltimore, Md.— Gentlemen: Owing to unforeseen conditions now prevailing here, the banks are not letting out any money. Continuous rains and cool weather has practically destroyed our cotton crop, dampness and rain water is causing the peanuts in this country to sprout in the ground. For whatever cotton the farmers bring in they are offered from .12½ to .16 cents per pound, owing to same being damaged. With all this in sight we have stopped operations, therefore, we will not be in shape to use your denim. We are receiving cancellations daily, and goods are being turned back on us from every side. Will ask you to order the 5 bales denim back to Baltimore, send us the freight expense bill, and we will send you a check to cover freight charges. Regretting this more than we can say, we beg to remain,

"Yours very truly,
"Dothan Overall Factory."

Lee & Tompkins, of Dothan, for appellant.

It was error to allow portions of depositions, held to be inadmissible, to go to the jury. Code 1907, § 4041; Smith v. State, 142 Ala. 14, 39 South. 329.

O. S. Lewis, of Dothan, for appellee.

There was no reversible error in allowing the depositions to go to the jury, the court stating that they should not consider the portions marked. Murphy v. Pipkin, 191 Ala. 114, 67 South. 675; Jordan v. State, 79 Ala. 9; Smith v. State, 107 Ala. 144, 18 South. 306; A. G. S. v. Frazier, 93 Ala. 45, 9 South. 303, 30 Am. St. Rep. 28.

McCLELLAN, J. The action is for damages for breach of contract in the refusal by defendant (appellant) to accept goods (denim) sold by plaintiff (appellee) to defendant, f. o. b. Baltimore; the terms being sight draft with bill of lading attached. The damages claimed, viz. $872.77, were predicated of the difference between the purchase price and the amount received on resale, together with $122.32 freight charges on the refused goods, paid by plaintiff, for their transportation from Dothan to Baltimore. The verdict was for $694.91.

[1] Demurrer to the complaint was not the appropriate method to test its sufficiency with respect to the measures or elements of damages claimed therein. Treadwell v. Tillis, 108 Ala. 262, 18 South. 886; 4 Mich. Ala. Dig. p. 668. The matter of damages recoverable was not in any way efficiently reserved in the trial for review on appeal. It sufficiently appears from the several counts of the complaint that a resale of the refused goods at Baltimore was had, to which point they were reshipped after defendant refused to accept them; also the complaint sufficiently avers defendant's refusal to accept the goods and to pay for them, neither of which acts could have taken place without notice to or knowledge of the defendant of the conditions precedent to refusal.

The general issue alone was pleaded.

[2, 3] The plaintiff took the depositions of witnesses in its behalf. On objection of defendant, parts of the answers of the witnesses were ruled to be inadmissible; the excluded parts being indicated by pencil brackets. Notwithstanding defendant's seasonable objections, and motion to detach the excluded parts of the depositions, the court permitted the jury to take with them to the jury room these depositions, containing

matter held inadmissible; the court advising the jury that the bracketed matter was excluded and not to consider the excluded matter in arriving at their verdict. Consequent upon the considerations and authorities cited in Smith v. State, 142 Ala. 14, 39 South. 329, it must be held for error that the jury was permitted, over defendant's objection, to take to their deliberations the depositions from which the inadmissible matter was not removed or effectually obliterated. There, through approving quotation, it was said: "Where a deposition is in part incompetent, it cannot be passed to the jury"—citing 6 Ency. Pl. & Pr. p. 586, supporting the pronouncement. Whether a deposition or written showing for an absent witness, unaffected with inadmissible matter, should be taken out by the jury is subject to the discretion of the trial court. Smith's Case, supra; 38 Cyc. p. 1833; Koosa v. Warfen, 158 Ala. 496, 48 South. 544; Davis v. Brandon, 200 Ala. 160, 162, 75 South. 908. In Smith's Case (supra) it was said: "If the showings and depositions had been carried out by the jury," as was the course taken in this instance, "they would not only have had the legal evidence embraced in them, but also that which the court declared was illegal." The admonitions given the jury by the court did not avert the error, or its effect, committed in passing to the jury, over the defendant's objection, to be taken out by them, the depositions in which the matter excluded was contained.

There was no error in admitting in evidence the correspondence between the attorneys for defendant and the plaintiff or its attorney; the evidence disclosing the existence of that relation to defendant at the time the letters were received by defendant's attorneys and replies made thereto.

[4] Upon the like considerations, there was no error in refusing defendant's requested instructions numbered 3 and 4. With respect to the admissibility of documentary evidence, the rule which requires the best, not secondary, evidence, of the subject of proof is not applicable to writings only collaterally related to the issues in contest. 6 Mich. Ala. Dig. p. 151, § 130. The written or telegraphic communications between these parties, as well as those relating to this sale of denim by plaintiff to defendant, emanating from or addressed to the textile company, were not erroneously admitted in evidence.

[5] The subjects of assignments 35 and 38 (defendant's requests numbered 2 and 5) were substantially covered in the court's oral instruction of the jury. These questions, not now discussed in briefs if raised below, deserve consideration on any retrial that may occur:

First. Whether the defendant's letter of September 1, 1920, to plaintiff effected to exclusively restrict the basis for defendant's refusal to accept and pay for the goods to those stated in that letter, viz. business conditions generally and the inactivity of the buyer's (defendant's) own plant; in no wise assigning his refusal to receive the goods to defect in respect of quality or character. An affirmative answer to this inquiry, founded in waiver, would seem to be justified by Mechem on Sales, § 1077 and notes, and other authorities noted in 17 Ann. Cas. pp. 63, 64; whereas an important exception to this general rule, referable to the absence of knowledge of other grounds for refusal to perform the contract, recited in Mechem, on the authority of Littlejohn v. Shaw, 159 N. Y. 188, 53 N. E. 810, is stated in 23 R. C. L. pp. 1435, 1436.

Second. Whether there was in fact a resale of the goods at Baltimore, within the rule which measures damages in proper cases by the difference between the purchase price of the goods refused by the buyer and the market value at the time of resale. The evidence for plaintiff appears to tend to show that there was, in fact, no resale at Baltimore; the testimony being to the effect the plaintiff could not sell the goods, that it simply "took over" the goods then in plaintiff's custody or under its control at 20 cents per yard. If there was in fact no resale within the rule stated—an inquiry that certainly could not be answered in the affirmative as a matter of law—and if there was no market value in Baltimore (the place of delivery of the goods to defendant's agent, the carrier), then the stated rule for the admeasurement of damages would not apply.

For the error in permitting the jury to take out the depositions, containing matter excluded, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.