338

84 So.2d 363

**NATIONAL CASUALTY COMPANY**

v.

**Raymond P. THOMPSON.**

**6 Div. 54.**

Court of Appeals of Alabama.

Oct. 11, 1955.

Rehearing Denied Nov. 1, 1955.

Jackson, Rives, Pettus & Peterson, Birmingham, for appellant.

Davies & Williams, Birmingham, for appellee.

**BONE, Judge.**

Suit by appellee against the appellant to recover sick and accident benefits, as provided in an insurance policy issued by the defendant to the plaintiff.

The plaintiff states his cause of action in one count which is here set forth as amended:

### "Count One

"Plaintiff claims of the defendant the sum of One Thousand ($1000.00) Dollars together with interest thereon on a policy of accident insurance which defendant issued on to-wit: December 2, 1936 insuring plaintiff against loss by accident and that plaintiff was injured by accident on to-wit: April 8, 1953 of which defendant has had notice."

The sufficiency of this complaint is the basis of assignment of error No. 1.

It is insisted by learned counsel for the plaintiff that this count was taken from Title 7, Sec. 223, Form No. 12 of the 1940 Code of Alabama, which provides a form count on a policy of life insurance and, as such, was sufficient. American Bankers' Ins. Co. v. Dean, 227 Ala. 387, 150 So. 333.

While form 12 is designated as for a declaration upon a life insurance policy, it is held applicable to other insurance contracts with the required necessary averment thereof. That is, a complaint averring the essential facts in general terms is sufficient.

The effect of the averments contained in the instant complaint does not comply with the rules of pleading in the premises.

While it is not essential that it be averred that the policy was in full force and effect, such an averment is necessary when there is no averment that the amount sued for is due. Inter-Ocean Casualty Co. v. Anderson, 245 Ala. 534, 17 So.2d 766; Modern Order of Praetorians v. Wilkins, 220 Ala. 382, 125 So. 396; American Nat. Ins. Co. v. Moss, 215 Ala. 542, 112 So. 110; American Bankers' Ins. Co. v. Dean, supra.

The defendant's demurrer further pointed out that the complaint as amended did allege that the plaintiff was injured "by accident" and that such allegation did not comply with the policy provisions prescribing essentials for liability under the policy.

Paragraph A of the policy provides accident indemnity for total disability as follows:

"At the rate of twenty-five dollars per week against total loss of time, not exceeding twenty-six consecutive weeks, resulting solely from bodily injuries effected directly and independently of all other causes, by the happening of an External, Violent and Accidental event, while the insured is operating, driving, riding in, demonstrating, adjusting or cranking an automobile, or in consequence of being struck by, run down or run over by an automobile, or caused by the burning or explosion of an automobile, and which injuries immediately, continuously and wholly, from date of accident, disable and prevent the insured from performing any and every duty pertaining to his business or occupation."

The averment "by accident" is not sufficient. While it is not necessary that the insuring agreements be set out in full, by the very wording of the policy limiting liability to automobiles, the averment "by accident" is not sufficient. Inter-Ocean Casualty Co. v. Anderson, supra.

The judgment of the circuit court is reversed and the cause is remanded.

Reversed and remanded.