103 So.2d 711

**Ralph L. DALRYMPLE**

v.

**The ALABAMA FARM BUREAU MUTUAL INS. CO., Inc.**

**8 Div. 928.**

Supreme Court of Alabama.

May 22, 1958.

Clark E. Johnson, Jr., Albertville, for appellant.

Lusk & Lusk, Guntersville, for appellee.

STAKELY, Justice.

This suit was instituted by Ralph L. Dalrymple against the Alabama Farm Bureau Mutual Casualty Ins. Co., Inc., a corporation. There are a number of counts embraced in the complaint to each of which the defendant demurred. The court sustained the demurrer and the plaintiff took a nonsuit with leave to appeal to the Supreme Court. The case comes to this court solely on the record.

The plaintiff in each count alleges that he had a contract of liability insurance on his automobile with the defendant on April 9, 1955, which was in full force and effect and describes and sets out the material provisions of the contract and avers that on the 9th day of April 1955 the plaintiff had an automobile accident with one Joseph

H. Croft and that Joseph H. Croft did commence an action at law in the circuit court for damages to his automobile and for bodily injuries; that the bodily injuries sustained by Joseph H. Croft were very serious and in excess of $5,000, the limits of the plaintiff's policy of insurance. The defendant's knowledge of the facts of the accident and of the seriousness of the injuries and the probability of recovery, are alleged. The defendant's opportunity to settle the suit within the limits of the policy is also alleged.

Counts 1, 1–A and 1–B allege that the defendant negligently failed or refused to settle the case of Joseph H. Croft and that as a result of the negligence of the defendant, a judgment for $10,000 was rendered in the cause, $5,000 of which was in excess of defendant's liability as defined by the insurance contract, that as a result of the negligence of the defendant, Joseph H. Croft has a judgment against the plaintiff in the amount of $5,000. In other words, the company paid $5,000 on the policy, leaving an unpaid balance on the judgment amounting to $5,000.

In Counts 1–C, 1–E and 1–F the plaintiff alleges that the defendant acted in bad faith in failing or refusing to settle said suit. Counts 2 and 3–A are counts ex contractu and are based on the defendant's failure to pay sums of money which it is alleged to be responsible to pay under the contract of insurance.

■ There is no doubt that the liability of the insurer may be beyond the policy limits for negligence in failing to settle the claims against the insured within the policy limits where thereafter judgment greater than the policy limits is obtained against the insured. Waters v. American Casualty Co. of Reading, Pa., 261 Ala. 252, 73 So.2d 524.

There is no doubt that the insurer may be liable beyond policy limits for bad faith in failing to settle claims against the insured within policy limits where thereafter judgment greater than policy limits is obtained against the insured. Waters v. American Casualty Co. of Reading, Pa., supra.

But there are allegations in each count which seek to recover the $5,000 which was the amount in excess of the limits of the policy. It appears to be the contention of the company and the position of counsel that this amount is not recoverable unless the allegation is made that the plaintiff has paid or is able to pay this $5,000. Evidently the court thought that allegations of this kind were necessary in order to make the counts good. This is the question discussed by counsel in briefs. It appears that the failure to so allege is the reason the court sustained the demurrer to the various counts.

■ Appellant argues in brief, among other things, that where plaintiff claims improper elements of damages, the complaint is not demurrable for that reason. Appellee, on the contrary, argues that that rule is inapt in this case for the reason that the question is not whether improper elements of damage are claimed in the complaint, but whether plaintiff has shown any damages of which the law will take cognizance. We are of the opinion that the rule does apply. It is well settled in this state that demurrer to the complaint is not the proper method to test its sufficiency with respect to measures or elements of damage claimed, the remedy being by motion to strike, objections to evidence or request for instructions to the jury. Lurie v. Kegan-Grace Co., 209 Ala. 339, 96 So. 344, among many other cases collected in 16 Alabama Digest, Pleading, ⬤193(8).

■ While the complaint seems to claim as an element of damage the difference between the policy limits and the amount of the judgment rendered on the verdict, it likewise claims consequential damages, arising out of trouble and expense to which appellant was subjected by way of defending against the proceedings instituted by the appellant in an effort to collect the excess of the judgment over the amount

which was paid by the insurer, appellee. True, there are some allegations from which it might be inferred that appellant was successful in his defense and was saved from paying such excess, but this does not alter the fact that the real and only question insisted upon by appellee is one of recoverable damages. It is not argued that a cause of action is not stated in the complaint, but it is conceded that an indemnity insurer may be liable beyond policy limits for negligence or bad faith in failing to settle claims against insured. Waters v. American Casualty Co. of Reading, Pa., supra. So that the only question is what damages were recoverable. Since that question is not properly presented by demurrer and, therefore, not properly before us on this appeal, we cannot properly make any expression upon the damages, if any, which might properly be recovered.

It results that the demurrer to the complaint upon the ground stated and argued was erroneously sustained. Accordingly the judgment of the lower court is reversed and the cause remanded.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.