270 So.2d 87

**Ruby B. HAMNER**

v.

**MUTUAL OF OMAHA INSURANCE COMPANY, a corporation.**

**6 Div. 116.**

Court of Civil Appeals of Alabama.

Oct. 11, 1972.

Rehearing Denied Nov. 29, 1972.

Henley & Northington, Northport, for appellant.

216

Bradley, Arant, Rose & White, Hobart A. McWhorter, Jr. and Frank M. Young, III, Birmingham, for appellee.

WRIGHT, Presiding Judge.

The original opinion in this case is withdrawn and this opinion is substituted in lieu thereof.

Plaintiff appeals from a voluntary non-suit induced by the sustaining of defend-

ant's demurrer to the complaint. We must determine if the complaint, comprising eleven counts, states a cause of action.

Counts Three and Four in this suit are the same as those contained in the case of Ruby B. Hamner v. D. G. Bradley and numbered therein as Counts One and Two. That case was recently decided on appeal by the Supreme Court of Alabama. Its number there was 6 Div. 851–A. This case was originally appealed to the Supreme Court as a companion case, but was severed by that court and transferred here.

■ The Supreme Court affirmed the judgment of the trial court sustaining demurrer to the complaint in Hamner v. Bradley. Since the cause of action attempted to be stated in that case is the same as sought to be stated in Counts Three and Four here, we are bound by the decision of that court as to those counts on this appeal. We hold therefore that Counts Three and Four do not state a cause of action recognized in this State.

We will examine the remaining counts to determine if they state a cause of action under the laws of this State.

■ Count One of the complaint has as its gravamen a breach of a policy of insurance. Examination discloses that this count is substantially in the form provided for suit on a life insurance policy by Title 7, Section 223, subd. 12. Though the policy involved here is a health or hospital policy it has been held that a complaint upon any policy of insurance stated in general terms, substantially as the code form for life insurance is sufficient. Aetna Life Ins. Co. v. Hare, 47 Ala.App. 478, 256 So.2d 904; Mutual Benefit Health & Accident Ass'n of Omaha v. Bullard, 270 Ala. 558, 120 So.2d 714. We hold the trial court erred in sustaining demurrer to Count One.

Count Two is a horse of so many colors it may be classified as a pinto. It appears to fall within the general classification stated by Judge Harwood in the case of White Roofing Co. v. Wheeler, 39 Ala. App. 662, 106 So.2d 658 as follows:

"Count One is a hybrid product, a cross breed of tort and contract, with no pride of ancestry, and no hope of progeny. After much examination we are yet unable to determine its proper category."

The substance of the allegations of Count Two is that defendant is in the business of selling hospitalization insurance and sold a policy to plaintiff; that plaintiff filed a claim for benefits under her policy; that defendant delayed action on her claim for approximately a month and then sent an agent to her home to deny the claim; that the denial of the claim was in violation of the insurance laws of the State of Alabama, specifically Title 28, Sections 420 and 430; that defendant's refusal to pay the claim was oppressive, malicious and fraudulent. Plaintiff then takes more than two pages of transcript paper to describe the oppressive, malicious and fraudulent acts, their effects upon her and the damage she suffered as a result. Such damages claimed included present and anticipatory physical and mental distress, together with punitive demands. The count concludes with the allegation that the damages proximately resulted from the wrongful acts and conduct of defendant as alleged.

It is evident that plaintiff in Count Two is attempting to allege an action in tort arising out of a breach of promise in a policy of insurance. We do not think there is any foundation for such action in the laws of this State.

■ The statute referred to in the complaint is purely regulatory of the insurance industry and requires that certain provisions be written into a policy. A failure to comply with such provisions as they are placed in the policy as a covenant or condition therein, could only amount to a breach of the policy. The penalty provided is for the failure to write the policy as directed and is not a statutory penalty for failure to comply with the provisions once placed in the contract. Whether the provisions of a

**218**

contract of insurance are statutory or are reached by agreement of the parties, the ordinary remedy for non-compliance is by breach of contract and the damages recoverable are those reasonably within the contemplation of the parties at the time of the making of the contract and which flow naturally and directly from the breach. Davison v. The Maccabees, 217 Ala. 100, 114 So. 907.

■■ There is little question but that the line of distinction between actions in tort and contract is thin and often nebulous in many instances. The courts of this State have recognized that under certain circumstances, for the breach of a contract there may be available either an action of assumpsit or one in tort. Wilkinson v. Mosely, 18 Ala. 288; Mobile Life Ins. Co. v. Randall, 74 Ala. 170; Vines v. Crescent Transit Co., 264 Ala. 114, 85 So.2d 436; Garig v. East End Memorial Hospital, 279 Ala. 118, 182 So.2d 852. The theory on which the cases have been decided is often difficult to discern, but basically may be stated that if there is failure or refusal to perform a promise the action is in contract; if there is a negligent performance of a contractual duty or the negligent breach of a duty implied by law, such duty being not expressed in the contract, but arising by implication of law from the relation of the parties created by the contract, the action may be either in contract or tort. In the latter instance, whether the action declared is in tort or contract must be determined from the gist or gravamen of the complaint. Basically, the line of division between the actions of contract and tort in such instances is that of nonfeasance and misfeasance. If there is a defective performance there is a breach of contract and may be also a tort. Law of Torts. Prosser, 4th Edition, page 614.

■ Count Two of appellant's complaint attempts to charge a tort arising from a denial of a claim under a policy of insurance. Such act by appellee, if wrongful, amounts only to a breach of a promise to perform and could only be complained of in an action for breach of contract. Nat. Cas. Co. v. Thompson, 38 Ala.App. 338, 84 So.2d 363.

■ The manner or intent of such breach does not change the form of action, nor as a general rule, add damages not ordinarily recoverable in a breach of contract action. 84 A.L.R. 1346; Western Union Tel. Co. v. Rowell, 153 Ala. 295, 45 So. 73; Deavors v. Southern Exp. Co., 200 Ala. 372, 76 So. 288; Sloss-Sheffield Steel & Iron Co. v. Greek, 211 Ala. 95, 99 So. 791; Vines v. Crescent Transit Co., 264 Ala. 114, 85 So.2d 436. No cause of action in tort being available to plaintiff under the facts pleaded, the trial court did not err in sustaining demurrer to Count Two.

■ Count Five of the complaint charges a breach of a covenant contained in a policy of insurance issued by defendant to plaintiff. Said covenant was conditioned upon payment of premiums by plaintiff to defendant. There is no allegation in the count that the condition precedent was performed by plaintiff. The court properly sustained demurrer.

■ Count Six alleges breach of a covenant contained in an insurance policy issued by defendant to plaintiff, but fails to aver that the insurance policy was in force and effect at the time of the breach. It fails to state the insured event, or identify the kind of policy or the benefits payable thereunder. It is too vague and indefinite to state a cause of action. Demurrer was properly sustained. Dudley v. Martin, 241 Ala. 435, 3 So.2d 7; Sims v. Callahan, 269 Ala. 216, 112 So.2d 776.

■ Counts Seven, Seven-A and Seven-B are defective for the same reasons herein stated for Count Two. An effort is made to charge a tort growing out of the failure to perform a promise contained in a policy of insurance. There is a charge of breach of contract in the cancelling of the policy and an effort to turn such breach into a tort by charging that such cancella-

tion was done negligently (Count Seven); wantonly (Count Seven-A); willfully (Count Seven-B). There is a misjoinder of causes of action in these counts. There is no action in tort under the facts alleged. The counts are defective as counts ex contractu for that it is not alleged that the policy was in force and effect at the time of breach, or that sums were due thereunder. National Cas. Co. v. Thompson, 38 Ala.App. 338, 84 So.2d 363.

Count Eight and Count Eight-A charge a breach of an agreement and allege that "defendant promised to insure and did insure, and promised to pay the plaintiff the benefits specified in an insurance policy which included . . ." There is no averment in either count as to the insured event or the terms or conditions thereof. It is not indicated whether there was a policy of life, accident or health insurance. Neither count avers that there was a policy in force and effect at the time of the alleged breach, nor that any sum was due under the policy. Demurrer was properly sustained to both Count Eight and Count Eight-A.

We have not written to some of the grounds of demurrer argued in brief. If any one of the grounds of demurrer is good the demurrer is properly sustained. Butler v. Olshan, 280 Ala. 181, 191 So.2d 7. Many of the counts of the complaint contained claims for various special damages. There were even claims for punitive damages. The inclusion of claims for such damages, though not recoverable in actions ex contractu, would not properly be attacked by demurrer, but would be subject to a motion to strike, objections to evidence, or requested charges to the jury. Title 7, Section 213, Code of Alabama 1940. Dalrymple v. Alabama Farm Bureau Mut. Ins. Co., 267 Ala. 416, 103 So.2d 711.

For error in sustaining demurrer to Count One of the complaint the judgment is reversed and the cause is remanded.

Reversed and remanded.

BRADLEY and HOLMES, JJ., concur.