481 So.2d 340 (1985)
Frances WALDON
v.
COTTON STATES MUTUAL INSURANCE COMPANY, et al.
84-586.
Supreme Court of Alabama.
October 4, 1985.
As Modified on Denial of Rehearing January 10, 1986.
Joe S. Pittman and Stafford Pittman of Pittman, Whittaker & Pittman, Enterprise, and G.A. Lindsey, Elba, for appellant.
*341 William L. Lee III and William C. Carn III of Lee & McInish, Dothan, for appellees.
PER CURIAM.
The trial court granted the insurer's motion for summary judgment on the authority of Watkins v. Life Insurance Company of Georgia, 456 So.2d 259 (Ala.1984). The summary judgment was made final by a Rule 54(b), Ala.R.Civ.P., order. The sole meritorious issue presented is whether the instant suit for bad faith failure to pay a claim is governed by Watkins.[1] Because we hold that it is not, we reverse the judgment and remand the cause for trial.
While, as the insurer points out, both this case and Watkins involve an action in tort based upon alleged wrongful cancellation of an insurance policy, the dissimilarity of the two cases is substantial, requiring a different analysis, and on that different analysis we reach a different result.
In Watkins, the tort remedy sought to be enforced was for damages resulting from the alleged wrongful cancellation of life insurance policies during the lifetime of the insureds. Here, cancellation of the coverage was the initial basis for the insurer's denial of the claim for policy benefits. In other words, the tort claims based on alleged wrongful cancellation were rejected in Watkins in a factual context of the absence of any claim for benefits under the policies in question. The instant insured, on the other hand, in the insurer's response to her proof of loss claim, learned for the first time that the fire protection coverage, as to her as a joint insured, had been cancelled.
In reality, then, the tort claim here asserted is for the alleged bad faith failure to pay a claim, and the insurer's alleged prior cancellation of coverage is without debatable merit either in fact or in law. To be sure, as the insured points out, and as the insurer concedes for purposes of this appeal, the trial court in its partial summary judgment made a finding of fact for the insured (on the insurer's counterclaim for declaratory relief) that the policy was ineffectively cancelled and that the insured had coverage at the time of the alleged loss.
In conclusion, we emphasize that the issue of cancellation addressed in Watkins and the cancellation issue addressed here have more than a distinction without a difference. Indeed, the difference is both substantial and material. As the history of Alabama's bad faith cases amply demonstrates, this Court, with purposeful design, has restricted the application of the bad faith doctrine to those rare and extreme cases where the insurance carrier, without debatable excuse, either fails to process a claim, or, upon processing, fails to pay a claim for benefits as provided by the policy. For a full statement of the insured's burden of proof, see National Security Fire & Casualty Co. v. Vintson, 454 So.2d 942 (Ala.1984).
The tort of bad faith is an extreme remedy that finds its application in extreme circumstances within the restricted perimeter of unexcused failure to pay policy benefits. Watkins, in keeping with that philosophy, refused to extend the legal duty arising from the insurer/insured relationship to afford a tort remedy for wrongful cancellation before the accrual of policy benefits, as that term is classically understood. Thus, the holding of Watkins relegated the insured to his remedy in contract.
Whether this Court, within the factual context of Watkins, is now prepared to afford a more adequate remedy in contract, as so eloquently expressed in the dissenting opinion of Chief Justice Torbert in Aetna Life Insurance Co. v. Lavoie, 470 So.2d 1060 (Ala.1984), was not presented or addressed in Watkins, nor do we address it here. We hold simply that cancellation of coverage, as a defense to an asserted claim for benefits under a policy of insurance, is *342 to be considered in the same manner as any other ground for nonpayment, when testing the viability of a complaint based on the tort of bad faith failure to pay a claim.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, JONES, ALMON, BEATTY and ADAMS, JJ., concur.
MADDOX, J., dissents.
SHORES and HOUSTON, JJ., not sitting.
MADDOX, Justice (dissenting).
In Watkins v. Life Ins. Co. of Georgia, 456 So.2d 259 (Ala.1984), this Court held specifically, as follows:
"We are faced, then, with the question whether we should continue to follow Hamner [v. Mutual of Omaha Ins. Co., 49 Ala.App. 214, 270 So.2d 87 (Ala.Civ. App.1972), cert. denied, 291 Ala. 781, 282 So.2d 256 (1973)] which followed the general rule, and which we refused to review on certiorari, or whether we should overrule Hamner, and hold that in an appropriate case, an insured could sue in tort for the wrongful cancellation of an insurance policy. The insured asks us to overrule Hamner and adopt the rule that there is an implied contract of good faith and fair dealing in every insurance contract, and that this implied contract can be breached by the wrongful cancellation of an insurance policy, just as it can be by the wrongful refusal to pay a claim. Insured cites Chavers v. National Security Fire and Casualty Co., 405 So.2d 1 (Ala.1981), and asks that the rule of Chavers be applied here. We see no reason to depart from the holding in Hamner that the contract remedy is the only remedy available where an insurer wrongfully cancels, terminates, or repudiates a contract of insurance; therefore, we hold that the trial court did not err in granting defendants' motion for summary judgment."
456 So.2d at 263.
As this Court noted in Watkins, a few states have recognized "a need for a cause of action (for wrongful cancellation of an insurance policy) and have developed the tort of wrongful cancellation of insurance policies." This Court refused to adopt such a rule in Alabama.
The majority distinguishes Watkins on the ground, as I understand the opinion, that Watkins did not involve a wrongful failure to pay a claim, as the present case does. The fact remains, however, that the alleged wrong, out of which the cause of action arises, is the wrongful cancellation of the policy, and in Watkins, the insureds made the same claim that the insured makes herethat a tort is committed by the wrongful cancellation of a policy. I cannot distinguish Watkins. The question I ask is this: How can cancellation of a policy, even if wrongfully done, be a tort if the claim under the policy has matured, but otherwise cannot be a tort just because the benefits under the policy are not yet due?
Based on the foregoing, I must respectfully dissent.

ON APPLICATION FOR REHEARING
PER CURIAM.
ON APPELLANT'S APPLICATION FOR REHEARING, THE OPINION IS MODIFIED; APPLICATION OVERRULED.
APPELLEE'S APPLICATION OVERRULED.
TORBERT, C.J., and FAULKNER, JONES, ALMON, BEATTY and ADAMS, JJ., concur.
MADDOX, J., dissents.
SHORES and HOUSTON, JJ., not sitting.
NOTES
[1] Appellant also contends that the trial court erred in dismissing certain other tort claims for wrongful cancellation of her policy. Because the trial court ruled favorably to Appellant in its holding that the insurer's attempted cancellation was ineffective, we reject each of these allegations of error.