Quillian McMahan, as executor of the estate of Lillie Maude McMahan, appeals from a summary judgment granted in favor of the defendants, and, in his individual capacity, he appeals from an order granting the defendants' motion to dismiss. We affirm in part and reverse in part.
On February 18, 1984, Lillie Maude McMahan died, at the age of 81 years. Her son, Quillian McMahan, was appointed executor of the estate on March 26, 1984. Quillian, as executor of the estate, filed this suit against Old Southern Life Insurance Company (hereinafter referred to as "Old Southern") on August 2, 1984, alleging fraud in the sale of 10 life and health insurance policies to Ms. McMahan during the last year of her life, and alleging wrongful refusal to pay benefits on a policy purchased in 1957, insuring the life of Ms. McMahan's husband, George Washington McMahan, who died March 4, 1977.
Old Southern filed a motion to dismiss and a motion for summary judgment on May 22, 1984, and October 11, 1985, respectively, on the bases that the tort actions did not survive the death of Lillie Maude McMahan, and that the one-year statute of limitations (Section 6-2-39(a)(5), Code 1975 (repealed eff. January 9, 1985) had run. On January 23, 1986, Quillian filed an amendment to the complaint, adding himself, individually, as a plaintiff; however, the complaint did not otherwise refer to Quillian or to any act of fraud committed by Old Southern against him. Old Southern filed a motion to dismiss the amendment on those grounds.
On July 1, 1986, the trial court entered an order granting the motion for summary judgment as to the original complaint and granting the motion to dismiss the amendment, stating as follows:
 "2. Fraud is a tort, and on the authority of Alabama Code Section 6-5-462 and a line of cases including Gillilan v. Federated Guaranty Life Insurance Co., 447 So.2d 668 (Ala. 1984), the fraud action did not survive the February 18, 1984, death of Lillie M. McMahan.
". . . .
 "4. With Quillian McMahan individually as plaintiff, the complaint still states a cause of action for fraud in favor of Lillie M. McMahan which, for the reasons stated above, did not survive her death."
We agree with the trial court's holding that the fraud aspect of the action did not survive the death of Ms. McMahan; however, we do not believe that the entire action was based in tort.
Count VIII of the complaint states as follows:
 "1. On or about [____] 1957, a more particular date will be added later when ascertained, the defendant, Old Southern, in consideration of the premium provided for therein, issued to Lillie Maude McMahan, and George Washington McMahan, her husband, a policy of insurance providing for death benefits in the amount of Five Hundred Dollars ($500.00), said policy number being 4-220708557.
 "2. Your plaintiff avers that George Washington McMahan died on March 4, 1977. Since the date of the death of George Washington McMahan, the defendant, Old Southern, has wrongfully and in violation of the terms of the above referred to policy refused to make any payment to the plaintiff or to Lillie Maude McMahan, and has since that date failed and refused to make the benefit payments as called for in the policy.
 "3. Plaintiff and Lillie Maude McMahan have performed all of the conditions of the policy to be performed on their part.
 "4. Under the terms of the policy, the defendant, Old Southern, is liable to the *Page 96 
plaintiff for the limits of the benefits provided under said policy together with interest and costs.
 "WHEREFORE, plaintiff demands judgment against the defendants in the sum of Five Million Dollars, interest, court costs, and attorneys' fees."
The language in Count VIII can only be construed to state a claim for breach of contract. There are no allegations of fraud or bad faith in this particular count. In fact, Count VIII is the only count in the entire complaint where any kind of recovery is sought in connection with the 1957 life insurance policy. The other counts, which specifically allege fraud and bad faith, refer only to the 10 life and health insurance policies purchased by Lillie Maude McMahan in the year prior to her death. Accordingly, we hold that the gist or gravamen of Count VIII of the complaint is founded on the insurance contract. Hamner v. Mutual of Omaha Insurance Co., 49 Ala. App. 214, 270 So.2d 87, (1972) cert. den., 291 Ala. 781,282 So.2d 256 (1973).
In Benefield v. Aquaslide 'N' Dive Corp., 406 So.2d 873
(Ala. 1981), this Court acknowledged that "a contract action pursuant to § 6-5-462 survives in favor of the personal representative regardless of whether the decedent filed the action before his death." Accordingly, we hold that insofar as the plaintiff has stated a contract claim, that claim is one that survives in his favor as executor of the estate of Lillie Maude McMahan. Ala. Code (1975), § 6-5-462.
The pleadings indicate that the alleged breach of the insurance contract occurred sometime after March 4, 1977, the date of death of the insured. Quillian McMahan did not file this action until August 2, 1984. Actions on an insurance contracts must be commenced within six years of the breach. Ala. Code (1975), § 6-2-34.
To come within this time limitation, Old Southern must have refused payment of benefits or at least indicated that a refusal would be forthcoming, on August 2, 1978, or thereafter. We find it highly unlikely that Ms. McMahan was unaware of the alleged breach until 15 months after her husband's death. Nevertheless, the statute of limitations defense is an affirmative defense that must be raised in the trial court by pleading or by motion before it will be considered on appeal,Cammorata v. Woodruff, 445 So.2d 867 (Ala. 1983); Rule 8(c) and Rule 12(b)(6), A.R.Civ.P.; and, where a party fails to plead an affirmative defense, the defense is generally waived. Robinsonv. Morse, 352 So.2d 1355 (Ala. 1977).
Old Southern pleaded the statute of limitations on the tort claims, but did not plead the statute of limitations on the contract claim. Old Southern has shown no reason that the general rule should not apply. Consequently, the defense is waived.
The summary judgment is affirmed insofar as it relates to the original tort claims, and the dismissal of Quillian McMahan's individual tort claims (added by amendment) is affirmed. However, because there is a genuine issue of material fact on the contract claim, the summary judgment is reversed insofar as it relates to that claim. Hartman v. Board of Trustees of theUniversity of Alabama, 436 So.2d 837 (Ala. 1983).
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
TORBERT, C.J., and JONES, ADAMS and STEAGALL, JJ., concur.