This case arises out of a claim involving an insurance policy. The plaintiff, J.G. Raybon, attempted to file a claim against the policy with Allstate Insurance Company, and was told that no policy was in effect at the time of the incident because his wife had canceled it approximately three months earlier. The question of whether the policy was actually canceled is still before the trial court.
The plaintiff's complaint stated three causes of action: (1) breach of contract; (2) bad faith on behalf of Allstate; and (3) fraud. The trial judge entered a summary judgment with regard to the bad faith claim, on the authority of Old SouthernLife Insurance Co. v. Spann, 472 So.2d 987 (Ala. 1985), and, with regard to the fraud claim, on the authority of Watkins v.Life Insurance Co. of Georgia, 456 So.2d 259 (Ala. 1984). The judgment was made final pursuant to Rule 54(b), A.R.Civ.P. InWatkins, we stated:
 "We are faced then with the question of whether we should continue to follow Hamner [v. Mutual of Omaha Insurance Co., 49 Ala. App. 214, 270 So.2d 87
(1972), cert. denied, 291 Ala. 781, 282 So.2d 256
(1973),] which followed the general rule, and which we refused to review on certiorari, or whether we should overrule Hamner, and hold that in an appropriate case, an insured could sue in tort for the wrongful cancellation of an insurance policy. The insured asked us to overrule Hamner and adopt the rule that there is an implied contract of good faith and fair dealing in every insurance contract, and that this implied contract can be breached by the wrongful cancellation of an insurance policy, just as it can be by the wrongful refusal to pay a claim. Insured cites Chavers v. National Security Fire Casualty Company, 405 So.2d 1 (Ala. 1981), and asks that the rule of Chavers be applied here. We see no reason to depart from the holding in Hamner that the contract remedy is the only remedy available where an insurer wrongfully cancels, terminates or repudiates a contract of insurance. . . ."
456 So.2d at 263.
We agree with the conclusions reached by the trial court. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON, ADAMS, HOUSTON, KENNEDY and INGRAM, JJ., concur.