Dorothy J. MAYS, Plaintiff,

v.

UNITED INSURANCE COMPANY OF
AMERICA, et al., Defendants.

Civ. A. No. 93–D–1300–E.

United States District Court,
M.D. Alabama,
Eastern Division.

April 11, 1994.

Allen W. Howell, Shinbaum & Howell, Montgomery, AL, Fred David Gray, Jr., Gray, Langford, Sapp, McGowan, Gray & Nathanson, Tuskegee, AL, for plaintiff.

William H. Brooks, M. Christian King, Lightfoot, Franklin, White & Lucas, Birmingham, AL, for defendants.

## MEMORANDUM OPINION AND ORDER

De MENT, District Judge.

This matter is now before the court on plaintiff Dorothy Mays's motion to remand, filed November 8, 1993. The defendants responded on December 10, 1993. Also, before the court are defendant Anthony Graves's and defendant George McDonald's motions to dismiss, filed October 26, 1993. The plaintiff filed her response to their motions on November 8, 1993, and then supplemented said response on December 2, 1993, pursuant to the court's request. For the reasons set forth below, defendant George McDonald's motion to dismiss is due to be granted. Defendant Anthony Graves's motion to dismiss is due to be denied. Plaintiff Dorothy

Mays's motion to remand is due to be granted.

## Facts

Except for the presence of defendants George McDonald and Anthony Graves, complete diversity would exist between the parties. The defendants removed this action to this court on October 26, 1993, and filed their motions to dismiss alleging that McDonald and Graves had been fraudulently joined. They asserted that there was no possibility that the plaintiff could establish a cause of action against these defendants. In her motion to remand, the plaintiff asserts that Graves was not fraudulently joined in that the complaint states a valid cause of action against him for fraud. However, the plaintiff concedes that the joinder of McDonald was improper and that his motion to dismiss should be granted. Because the motion to remand and motions to dismiss are intertwined, the court will address said motions simultaneously.

The plaintiff was the owner of two health and/or accident insurance policies issued by the defendant Union National Life Insurance Company ("Union"). In 1989, Union was acquired by the defendant United Insurance Company of America ("United"). In August of 1991, United replaced the Union policies with United policies. The plaintiff contends that these policies were more expensive and provided less coverage. Further, these policies were cancelable only upon thirty days notice.

Plaintiff contends that a letter, dated September 15, 1992, that was sent to the plaintiff by United, purportedly canceled the plaintiff's policies. The letter stated that the policies were canceled as of September 3, 1992. Plaintiff asserts that the defendant Graves hid this letter from Mays by placing it in her premium receipt book envelope. Plaintiff alleges that Graves never brought the letter to her attention and he never told her the policies were being canceled. Instead, Graves allegedly told her that her premiums were lower because United had been overcharging her. However, United continued to accept the payments of premiums on the policies from the plaintiff until September of 1993.

In June of 1993, plaintiff was hospitalized. She filed a claim on her policy which United promptly denied. Plaintiff contends that the defendants have willfully refused to pay her claims under the policies. Mays now brings suit against the defendants, including Graves, for fraud.[1]

## Fraudulent Joinder

■ The doctrine of fraudulent joinder is applicable when the plaintiff, a citizen of the state of the forum, joins a resident citizen defendant with a nonresident defendant. The joinder is fraudulent if the plaintiff fails to state a cause of action against the resident defendant and the failure is obvious according to the settled rules of the state. *See Parks v. New York Times*, 308 F.2d 474, 477 (5th Cir.1962), *cert. denied*, 376 U.S. 949, 84 S.Ct. 964, 11 L.Ed.2d 969 (1964).

> There can be no fraudulent joinder unless it be clear that there can be no recovery under the law of the state on the cause alleged, or on the facts in view of the law as they exist when the petition to remand is heard. One or the other at least would be required before it could be said that there was no real intention to get a joint judgment and that there was no colorable ground for so claiming.

*Parks*, 308 F.2d at 478.

■ The district court must evaluate all factual issues and substantive law in favor of the plaintiff. *Coker v. Amoco Oil Co.*, 709 F.2d 1433 (11th Cir.1983). If there is a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder is proper and remand the case to the state court. *Coker*, 709 F.2d at 1440 (citing *Parks*, 308 F.2d at 477–78) (emphasis added). "The removing party bears the burden of proving that the joinder of the resident defendant was fraudulent." *Cabalceta v. Standard*

---

1. Plaintiff has also brought an action for bad faith against United for its refusal to pay her claim under the policies.

*Fruit Company,* 883 F.2d 1553, 1561 (11th Cir.1989) (citing *Coker,* 709 F.2d at 1440).

## Discussion

 Graves argues that he should be dismissed from this action because the complaint alleges that the cancellation of the plaintiff's insurance policies were wrongful and, under Alabama law, the wrongful cancellation of an insurance policy does not give rise to a tort action. The remedy for wrongful cancellation of a policy is in contract. *See Alfa Mutual Ins. Co. v. Northington,* 604 So.2d 758 (Ala.1992); *Raybon v. Allstate Ins. Co.,* 589 So.2d 710 (Ala.1991); *Baker v. State Farm Gen. Ins. Co.,* 585 So.2d 804 (Ala.1991); *Watkins v. Life Ins. Co. of Georgia,* 456 So.2d 259 (Ala.1984). Thus, Graves asserts that since plaintiff's sole remedy is in contract, plaintiff cannot possibly maintain a fraud action against him.

The plaintiff argues that this is not an action for wrongful cancellation of the policies but is instead an action based in fraud. The plaintiff contends that the fraudulent conduct was: (1) that the defendants hid the fact that United had canceled the policies; (2) the defendants continued to collect premiums on these policies from the plaintiff for a year even after they had been canceled; (3) the defendant Graves misled the plaintiff by making express representations that her premiums were less because United had been overcharging her, thereby, implying that the policies were in force and (4) thereafter, the plaintiff filed a claim under these policies only to have her claims denied. The plaintiff contends that these actions by Graves and the other defendants constitute fraud.

The question at issue in this action is how the court should construe count one of the complaint. In paragraphs 13 and 14 of the complaint, plaintiff alleges that United canceled her policies through a letter without giving her thirty days notice as provided for in the policies. Apparently, this is the language on which the defendants focused in

arguing that this is an action for wrongful cancellation of the policies. However, paragraphs 15–19 set forth allegations of fraudulent conduct on the part of the defendants. These allegations include that Graves hid the fact that United had canceled plaintiff's policies, Graves misrepresented to the plaintiff that her premiums were less because United's agents had been overcharging her, and then the defendants continued to collect premiums from the plaintiff for a full year after cancellation of the policies.

Rule 8(f) of the *Federal Rules of Civil Procedure* states that "[a]ll pleadings shall be so construed as to do substantial justice." This rule had been interpreted to mean that pleadings should be liberally construed and allegations in a complaint should be construed favorably to the pleader. *See Parr v. Woodmen of the World Life Ins. Co.,* 791 F.2d 888 (11th Cir.1986); *see also Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Liberally construing the allegations in paragraphs 15–19 of the complaint favorably to the plaintiff, the court finds that count one states a cause of action in fraud. Thus, even accepting as true that an action for wrongful cancellation of a policy is available only in contract, the defendants' argument still fails. The plaintiff's complaint goes beyond a simple wrongful cancellation claim by alleging that, after the cancellation, the defendants continued to collect premiums on the canceled policies and suppressed the fact that the policy was canceled. These actions clearly constitute fraud.

The defendants next argue that Graves should be dismissed because the fraud count fails to state with particularity the facts constituting the fraud in accordance with both the *Federal Rules of Civil Procedure* 9(b) and the *Alabama Rules of Civil Procedure* 9(b).[2] Rule 9(b) states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."

2. Even though the *Alabama Rules of Civil Procedure* are not binding on this court, the fraudulent joinder test requires the federal courts to determine whether there is a possibility that a **state court would find that a complaint states a cause of action against a resident defendant.** *See Cok-*

er,* 709 F.2d at 1440 (emphasis added). Because this test requires the court to view pleadings from the viewpoint of a state court, the court, as a matter of obiter dictum, will consider Alabama's Rule 9(b) along with Federal Rule 9(b).

This does not require every element to be stated with particularity, but the pleader must use more than generalized or conclusory statements setting out the fraud. The pleader must state the time, the place, the contents or substance of the false representations, the fact misrepresented, and an identification of what has been obtained. *Robinson v. Allstate Ins. Co.,* 399 So.2d 288, 290 (Ala.1981). The court finds that the plaintiff has met the requirements of Rule 9(b). Paragraphs 15-19 of the complaint clearly set forth the time, place, content of the misrepresentations, and the identity of what has been obtained. The complaint alleges that Graves misrepresented to the plaintiff that her premiums were lower because she had been overcharged previously, when in fact United had canceled the policies. The complaint alleges that between September of 1992 and September of 1993, United continued to accept premiums on these canceled policies. Clearly, the plaintiff has carried her burden of pleading the fraud action with the particularity required by Rule 9(b).

Finally, the defendants argue that the complaint does not set forth any allegations in which Graves could be held personally liable. The complaint asserts that Graves put the letter which purportedly canceled the policies in the plaintiff's premium receipt envelope "without telling her he was doing so, and hid the fact that United was attempting to cancel the said policies by telling Plaintiff that her premiums were now less because the previous United agent had been overcharging her." [Compl. at 3]. The complaint then states that United continued to accept premiums from the plaintiff on these policies.

It is thoroughly well settled that a man is personally liable for all torts committed by him, constituting in misfeasance-as fraud, conversion, acts done negligently, etc.—notwithstanding he may have acted as the agent or under the direction of another. *Crigler v. Salac,* 438 So.2d 1375, 1380 (Ala. 1983). The allegations in the complaint are sufficient to show that Graves personally participated in the fraudulent conduct against the plaintiff. Thus, there is a possibility that a state court could find that the plaintiff's complaint states a cause of action against Graves.

Accordingly, it is CONSIDERED and ORDERED that defendant George McDonald's motion to dismiss be and the same is hereby GRANTED. It is CONSIDERED and ORDERED that defendant Graves's motion to dismiss be and the same is hereby DENIED.

Further, it is CONSIDERED and ORDERED that the plaintiff's motion to remand be and the same is hereby GRANTED. This action is hereby REMANDED to the Circuit Court of Macon County, Alabama. The clerk is DIRECTED to effectuate said remand.