**SUNBELT VETERINARY SUPPLY, INC. and Dr. Charles F. Franz, Plaintiffs,**

v.

**INTERNATIONAL BUSINESS SYSTEMS UNITED STATES, INC., et al., Defendant.**

**INTERNATIONAL BUSINESS SYSTEMS UNITED STATES, INC., Counter-claimant,**

v.

**SUNBELT VETERINARY SUPPLY INC., and Dr. Charles Franz, Counter-defendants.**

No. CIV.A. 97–A–622–N.

United States District Court,
M.D. Alabama,
Northern Division.

Dec. 9, 1997.

H.E. Nix, Jr., Steven A. Higgins, Nix, Holtsford & Vercelli, P.C., Montgomery, AL, for Plaintiffs.

Ollie L. Blan, Jr., Spain & Gillon, Birmingham, AL, Paul N. Phillips, Lewis D'Amato, Brisbois & Bisgaard, LLP, Sacramento, CA, for Defendant.

## OPINION AND ORDER

ALBRITTON, District Judge.

Before the court is Plaintiffs' Motion For Enforcement And Application Of Alabama Law, filed August 1, 1997. Defendant filed a brief in opposition August 19, 1997, and a compendium with California law on August 18, 1997; to which Plaintiffs filed a response on August 20, 1997. Upon careful consideration of counsels' arguments, relevant precedent and the record as a whole, the court finds that Plaintiffs' motion should be granted.

## BACKGROUND

Sunbelt Veterinary Supply (Sunbelt) is an Alabama corporation with its principal place

of business in Montgomery. International Business Systems (IBS) is a California corporation with its principal place of business in Folsom, California. Sunbelt bought business application software and services from IBS, under an agreement dated June 30, 1996, which have not met Sunbelt's expectations. The agreement contained the following clause (emphasis added):

> *Governing Law:* This *Agreement shall be governed by and construed under* the laws of the State of California, without reference to principles of conflict of laws.

In their First Amended Complaint, Sunbelt has asserted causes of action as follows: (1) negligence and wantonness in the hardware recommendations made by IBS; (2) negligence and wantonness in the design, manufacture, sale and distribution of the software; (3) fraud in the inducement; (4) suppression regarding software defects; (5) deceit; (6) suppression regarding shut-down codes in the computer software; and (7) liability under the Alabama Extended Manufacturers Liability Doctrine. Separate claims have also been asserted by Dr. Charles Franz: (1) fraud in the inducement; (2) suppression; and (3) deceit. The Plaintiffs have chosen not to raise any contract claims.

## STANDARD

▮ When a federal court exercises diversity jurisdiction, the court is bound to apply the substantive law of the state in which it sits. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938). The Erie doctrine extends to choice-of-law questions, so that this court sitting in diversity must apply the forum state's conflict of law rules. *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941); *Tang How v. Edward J. Gerrits, Inc.,* 961 F.2d 174, 178–79 (11th Cir.1992). In the instant case, therefore, the court must follow Alabama's choice-of-law rules.

## ANALYSIS

▮ To determine which of Alabama's choice-of-law rules to apply, the court must first "ascertain the nature of the problem involved, i.e ., is the specific issue at hand a problem of law of contracts, torts, property, etc." *Garcia v. Public Health Trust of Dade County,* 841 F.2d 1062, 1064 (11th Cir.1988) (quoting *Acme Circus Operating Co., Inc. v. Kuperstock,* 711 F.2d 1538, 1540 (11th Cir. 1983)). In making this determination, this court is bound to decide the way it appears the Alabama Supreme Court would decide. *Shapiro v. Associated Intern. Ins. Co.,* 899 F.2d 1116, 1118 (11th Cir.1990).

▮ First, the court notes that even though the Plaintiffs have intentionally avoided raising any contract causes of action, this controversy is inextricably rooted in the June 30, 1996 agreement. Nevertheless, Alabama does permit plaintiffs to raise tort claims in these situations if they so choose.

In *Hobbs v. Smith,* 27 Okla. 830, 115 P. 347, 34 L.R.A.N.S. 697 this rule is expressed in the following language:

> 'And, although there are some few cases not in harmony, the rule, under the great weight of authority, is well established that, where a breach of contract is permeated with tort, the injured person may elect to waive the contract and recover in tort; or, differently stated, although the relation between the parties may have been established by contract, express or implied, if the law imposes certain duties because of the existence of that relation, the contract obligation may be waived, and an action in tort maintained for the violation of such imposed duties.'

*Knowles v. Dark & Boswell,* 211 Ala. 59, 99 So. 312, 313 (1924). In *Hamner v. Mutual of Omaha Insurance Company,* 49 Ala.App. 214, 270 So.2d 87, 90 (1972) (with emphasis added), the court expressed the principle:

> The theory on which the cases have been decided is often difficult to discern, but basically may be stated that if there is failure or refusal to perform a promise the action is in contract; *if there is a negligent performance of a contractual duty* or the negligent breach of a duty implied by law, such duty being not expressed in the contract, but arising by implication of law from the relation of the parties created by the contract, *the action may be either in contract or tort.* In the latter instance,

whether the action declared is in tort or contract must be determined from the gist or gravamen of the complaint. Basically, the line of division between the actions of contract and tort in such instances is that of nonfeasance and misfeasance. *If there is a defective performance there is a breach of contract and may be also a tort.* Law of Torts. Prosser, 4th Edition, page 614.

*See also, U.S. Fidelity & Guaranty v. Birmingham Oxygen*, 290 Ala. 149, 274 So.2d 615 (1973); *Spanish Fort Mobile Homes, Inc. v. Sebrite Corp.*, 369 So.2d 777 (Ala. 1979); *Roberts v. Public Cemetery of Cullman, Inc.*, 569 So.2d 369 (Ala.1990); *and Lemon v. Golf Terrace Owners Assoc.*, 611 So.2d 263, 264 (Ala.1992). If the Plaintiffs choose to proceed in tort, it is their option, and they will bear the burden of proving the elements required to maintain those claims.

 Alabama follows the traditional conflict rules of *lex loci contractus* and *lex loci delicti.* Under *lex loci contractus* a contract is governed by the laws of the jurisdiction were the contract is made. However, Alabama will honor choice-of-law clauses wherein the parties have chosen the law of a different jurisdiction to govern their contract.[1] *Cherry, Bekaert & Holland v. Brown*, 582 So.2d 502, 506 (Ala.1991). The rule of *lex loci delicti* mandates that tort claims brought in Alabama are to be decided by the law of the state where the injury occurred. *Norris v. Taylor*, 460 So.2d 151, 152 (Ala.1984).

 The court is instructed by cases which have involved choice-of-law clauses and plaintiffs who bring contract *and* tort claims in the same complaint:

> [W]e apply the choice of law rules of California, the forum state. Under California law, the intention of the parties to apply New York law to the contract would be permitted to govern; therefore we apply New York law to all of the contract issues

in the case.... *Other issues in this case, which involve tort law and the law of punitive damages, are not controlled by the contract choice of law provision.*

*Consolidated Data Terminals v. Applied Digital Data Systems, Inc.*, 708 F.2d 385, n. 3 (9th Cir.1983) (emphasis added). In *Burger King Corp. v. Austin*, 805 F.Supp. 1007, 1011 (S.D.Fla.1992) (citations omitted) (emphasis added), the court was confronted with a choice-of-law clause nearly identical to that *sub judice:*

> The Franchise Agreement provides that it '[s]hall be governed and construed under and in accordance with the laws of the State of Florida.' However '[c]laims arising in tort are not ordinarily controlled by a contractual choice of law provision.... Rather, they are decided according to the law of the forum state.'

*See also, Invacare Corp. v. Sperry Corp.*, 612 F.Supp. 448, n. 4 (N.D.Ohio 1984) ("choice of law provision only applies to the claim for breach of contract, it does not apply to tort claims."); *Computerized Radiological Services v. Syntex Corp.*, 595 F.Supp. 1495, 1503 (E.D.N.Y.1984) ("Although the contract claim is governed by California law (by choice of the parties), a tort claim arising out of the contract may be governed by the law of a different forum."); *Carney v. Singapore Airlines*, 940 F.Supp. 1496, 1498 (D.Ariz.1996) ("although Plaintiff discusses certain contracts entered into in relation to the FAM tour, he is not bringing a breach of contract claim. Claims arising in tort are decided according to the law of the forum state ...."); *and especially, Ritchie Enterprises v. Honeywell Bull, Inc.*, 730 F.Supp. 1041, 1046 (D.Kan.1990). While these cases dealt with choice-of-law clauses in the context of contract *and* tort claims, the logic of the decisions applies *a fortiori* to Plaintiffs' motion, since it concerns *only* tort claims.[2]

This court offers no opinion as to whether Alabama allows parties to choose tort law via

---

1. The court has had ample opportunity to consider the applicability of this choice-of-law clause to the *contract* counter-claims brought by IBS. The court is confident that Alabama law supports the enforcement of the clause vis-a-vis those contract claims.

2. Plaintiffs' Response filed August 20, 1997, footnote 1.

contract, but the court is persuaded that the language of these parties' choice-of-law clause is not broad enough to encompass tort claims:

> The choice-of-law provision in the agreement states: 'This agreement and the terms hereof *shall be governed by and construed* in accordance with the laws of the State of Florida.' *It does not state that any and all claims arising out of the relationship* between the parties shall be governed by Florida law. Consequently, we conclude that the provision is not applicable in determining whether plaintiffs have set forth a valid tort claim.

*Young v. Badcock Corp.,* 222 Ga.App. 218, 474 S.E.2d 87, 88 (1996) (interpreting language virtually identical to the subject clause) (emphasis added). If this court harbored any doubt as to the meaning of the clause, the court would assume the more limited interpretation over the more expansive and unusual reading offered by the Defendant. This is especially so, since the contract was drafted by the Defendant.

After full consideration, the court is left with multiple tort claims which are not within the parameters of the choice-of-law provision of the parties' contract. This being so, the court has merely to apply the rule of *lex loci delicti* to determine which State's law applies. It appears from the record, and no party has argued to the contrary, that the injuries were sustained by the Plaintiffs within the State of Alabama. Therefore, the court finds that Alabama law applies to the Plaintiffs' claims.

## CONCLUSION

Based upon the foregoing, it is CONSIDERED and ORDERED that Plaintiffs' Motion For Enforcement And Application Of Alabama Law is hereby GRANTED.