I concur with Presiding Judge Robertson's affirmance of the summary judgment entered for Nichols, the insurance broker. I dissent from the reversal of the summary judgment entered for Gulf and Lloyd's on the fraudulent-suppression claim.
The Deflerons presented evidence that neither they nor their mortgagee had *Page 558 
received a cancellation notice from Gulf. Gulf presented evidence that it had properly mailed a cancellation notice to the Deflerons. Admittedly, that conflict creates a jury question. However, no matter how a jury were to resolve that conflict, the Deflerons could not prevail on their fraudulent-suppression claim.
If a jury were to believe the Deflerons — that is, if it were to find that the Deflerons did not receive notice of cancellation — then it would follow, as a matter of law, that the insurance policy had not been cancelled and that the coverage was still in force. See 17 Couchon Insurance 2d § 67:177 at 644 (rev. ed. 1983). If, on the other hand, a jury were to believe Gulf — that is, if it were to find that the Deflerons did receive notice of cancellation — then it would follow, as a matter of law, that Gulf had not suppressed anything and that it was not, therefore, liable for fraudulent suppression. The facts alleged by the Deflerons — that their claim was wrongfully denied because Gulf did not send a notice of cancellation — give rise only to a breach-of-contract claim which they did not plead. Seegenerally Raybon v. Allstate Ins. Co., 589 So.2d 710 (Ala. 1991); Watkinsv. Life Ins. Co. of Georgia, 456 So.2d 259 (Ala. 1984). THOMPSON, Judge, concurring in part and dissenting in part.
I find the facts of this case as they related to Lloyd's of London distinguishable from those in Ballard v. Lee, 671 So.2d 1368 (Ala. 1995). I would affirm the judgment of the trial court in its entirety. Therefore, I concur in part and dissent in part.